**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

INNOVATIO IP VENTURES, LLC,

                    Plaintiff,

    v.

JW MARRIOTT CHICAGO;
COURTYARD CHICAGO ARLINGTON
HEIGHTS/NORTH;
COURTYARD CHICAGO ARLINGTON
HEIGHTS/SOUTH;
COURTYARD CHICAGO MIDWAY
AIRPORT;
RESIDENCE INN CHICAGO MIDWAY
AIRPORT;
FAIRFIELD INN & SUITES CHICAGO
MIDWAY;
COURTYARD CHICAGO
BLOOMINGDALE;
RESIDENCE INN CHICAGO
BLOOMINGDALE;
SPRINGHILL SUITES CHICAGO
BOLINGBROOK;
CHICAGO MARRIOTT SOUTHWEST AT
BURR RIDGE;
SPRINGHILL SUITES CHICAGO
SOUTHWEST AT BURR
RIDGE/HINSDALE;
CHICAGO MARRIOTT AT MEDICAL
DISTRICT/UIC;
CHICAGO MARRIOTT DOWNTOWN
MAGNIFICENT MILE;
CHICAGO MARRIOTT MIDWAY;
CHICAGO MARRIOTT O'HARE;
RENAISSANCE BLACKSTONE
CHICAGO HOTEL;
RENAISSANCE CHICAGO
DOWNTOWN HOTEL;
RENAISSANCE CHICAGO O'HARE
SUITES HOTEL;
COURTYARD CHICAGO
DOWNTOWN/MAGNIFICENT MILE;
COURTYARD CHICAGO DOWNTOWN/

Consolidated Case No. 11 C 9308 (MDL 2303)

Individual Case No. 11 C 6478

Honorable James F. Holderman

**JURY TRIAL DEMANDED**

RIVER NORTH;
RESIDENCE INN CHICAGO
DOWNTOWN/MAGNIFICENT MILE;
RESIDENCE INN CHICAGO
DOWNTOWN/RIVER NORTH;
FAIRFIELD INN & SUITES CHICAGO
DOWNTOWN;
SPRINGHILL SUITES CHICAGO
DOWNTOWN/RIVER NORTH;
SPRINGHILL SUITES CHICAGO
O'HARE;
CHICAGO MARRIOTT SUITES
DEERFIELD;
COURTYARD CHICAGO DEERFIELD;
RESIDENCE INN CHICAGO
DEERFIELD;
COURTYARD CHICAGO O'HARE (DES
PLAINES);
CHICAGO MARRIOTT SUITES
DOWNERS GROVE;
COURTYARD CHICAGO
ELMHURST/OAKBROOK AREA;
SPRINGHILL SUITES CHICAGO
ELMHURST/OAKBROOK AREA;
COURTYARD CHICAGO
GLENVIEW/NORTHBROOK;
FAIRFIELD INN CHICAGO GURNEE;
COURTYARD CHICAGO HIGHLAND
PARK/NORTHBROOK;
CHICAGO MARRIOTT NORTHWEST;
FAIRFIELD INN JOLIET
NORTH/PLAINFIELD;
FAIRFIELD INN JOLIET SOUTH;
TOWNEPLACE SUITES JOLIET SOUTH;
LINCOLNSHIRE MARRIOTT RESORT;
COURTYARD CHICAGO
LINCOLNSHIRE;
SPRINGHILL SUITES CHICAGO
(LINCOLNSHIRE);
HICKORY RIDGE MARRIOTT
CONFERENCE HOTEL;
RESIDENCE INN CHICAGO LOMBARD;
RESIDENCE INN CHICAGO LAKE
FOREST/METTAWA;
COURTYARD CHICAGO NAPERVILLE;
FAIRFIELD INN & SUITES CHICAGO

NAPERVILLE;
FAIRFIELD INN & SUITES CHICAGO
NAPERVILLE/AURORA;
TOWNEPLACE SUITES CHICAGO
NAPERVILLE;
RENAISSANCE CHICAGO NORTH
SHORE HOTEL;
CHICAGO MARRIOTT OAK BROOK;
OAK BROOK HILLS MARRIOTT
RESORT;
RESIDENCE INN CHICAGO OAK
BROOK;
COURTYARD CHICAGO OAKBROOK
TERRACE;
FAIRFIELD INN & SUITES OTTAWA
STARVED ROCK AREA;
FAIRFIELD INN PERU;
COURTYARD ROCKFORD;
RESIDENCE INN ROCKFORD;
FAIRFIELD INN & SUITES ROCKFORD;
CHICAGO MARRIOTT SUITES O'HARE
(ROSEMONT);
RESIDENCE INN CHICAGO O'HARE
(ROSEMONT);
RENAISSANCE SCHAUMBURG
CONVENTION CENTER HOTEL;
COURTYARD CHICAGO
SCHAUMBURG;
RESIDENCE INN CHICAGO
SCHAUMBURG;
SPRINGHILL SUITES CHICAGO
SCHAUMBURG;
COURTYARD CHICAGO ST. CHARLES;
FAIRFIELD INN & SUITES CHICAGO
ST. CHARLES;
FAIRFIELD INN CHICAGO TINLEY
PARK;
RESIDENCE INN CHICAGO
NAPERVILLE/WARRENVILLE;
SPRINGHILL SUITES CHICAGO
NAPERVILLE/WARRENVILLE;
COURTYARD CHICAGO
WAUKEGAN/GURNEE;
RESIDENCE INN CHICAGO
WAUKEGAN/GURNEE;
SPRINGHILL SUITES CHICAGO

| | |
|---|---|
| WAUKEGAN/GURNEE;<br>COURTYARD CHICAGO ELGIN/WEST<br>DUNDEE;<br>TOWNEPLACE SUITES CHICAGO<br>ELGIN/WEST DUNDEE;<br>GFII DVI CARDEL WOOD DALE, LLC<br>d/b/a COURTYARD MARRIOTT WOOD<br>DALE;<br>LA QUINTA INN & SUITES<br>BOLINGBROOK; and<br>LA QUINTA INN CHICAGO O'HARE<br>AIRPORT,<br><div align="center">Defendants.</div> | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

For its First Amended Complaint for Patent Infringement, Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its undersigned counsel, alleges against the Defendants – as particularly identified below – as follows:

## THE PARTIES

1.      Plaintiff Innovatio is a limited liability company organized under the laws of the State of Delaware and has a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2.      On information and belief, Defendant JW Marriott Chicago owns and operates a hotel at 151 West Adams Street, Chicago, Illinois 60603.

3.      On information and belief, Defendant Courtyard Chicago Arlington Heights/North owns and operates a hotel at 3700 North Wilke Road, Arlington Heights, Illinois 60004.

4.      On information and belief, Defendant Courtyard Chicago Courtyard Chicago Arlington Heights/South owns and operates a hotel at 100 West Algonquin Road, Arlington Heights, IL 60005.

5.      On information and belief, Defendant Courtyard Chicago Midway Airport owns and operates a hotel at 6610 South Cicero Avenue, Bedford Park, Illinois 60638.

6.      On information and belief, Defendant Residence Inn Chicago Midway Airport owns and operates a hotel at 6638 South Cicero Avenue, Bedford Park, Illinois 60638.

7.      On information and belief, Defendant Fairfield Inn & Suites Chicago Midway owns and operates a hotel at 6630 South Cicero Avenue, Bedford Park, Illinois 60638.

8.      On information and belief, Defendant Courtyard Chicago Bloomingdale owns and operates a hotel at 275 Knollwood Drive, Bloomingdale, Illinois 60108.

9.      On information and belief, Defendant Residence Inn Chicago Bloomingdale owns and operates a hotel at 295 Knollwood Drive, Bloomingdale, Illinois 60108.

10.      On information and belief, Defendant SpringHill Suites Chicago Bolingbrook owns and operates a hotel at 125 Remington Boulevard, Bolingbrook, Illinois 60440.

11.      On information and belief, Defendant Chicago Marriott Southwest at Burr Ridge owns and operates a hotel at 1200 Burr Ridge Parkway, Burr Ridge, Illinois 60527.

12.      On information and belief, Defendant SpringHill Suites Chicago Southwest at Burr Ridge/Hinsdale owns and operates a hotel at 15W90 North Frontage Road, Burr Ridge, Illinois 60527.

13.      On information and belief, Defendant Chicago Marriott at Medical District/UIC owns and operates a hotel at 625 South Ashland Avenue, Chicago, Illinois 60607.

14.      On information and belief, Defendant Chicago Marriott Downtown Magnificent Mile owns and operates a hotel at 540 North Michigan Avenue, Chicago, Illinois 60611.

15.      On information and belief, Defendant Chicago Marriott Midway owns and operates a hotel at 6520 South Cicero Avenue, Chicago, Illinois 60638.

16.     On information and belief, Defendant Chicago Marriott O'Hare owns and operates a hotel at 8535 West Higgins Road, Chicago, Illinois 60631.

17.     On information and belief, Renaissance Blackstone Chicago Hotel owns and operates a hotel at 636 South Michigan Avenue, Chicago, Illinois 60605.

18.     On information and belief, Defendant Renaissance Chicago Downtown Hotel owns and operates a hotel at 1 West Wacker Drive, Chicago, Illinois 60601.

19.     On information and belief, Defendant Renaissance Chicago O'Hare Suites Hotel owns and operates a hotel at 8500 West Bryn Mawr Avenue, Chicago, Illinois 60631.

20.     On information and belief, Defendant Courtyard Chicago Downtown/Magnificent Mile owns and operates a hotel at 165 East Ontario Street, Chicago, Illinois 60611.

21.     On information and belief, Defendant Courtyard Chicago Downtown/River North owns and operates a hotel at 30 East Hubbard, Chicago, Illinois 60611.

22.     On information and belief, Defendant Residence Inn Chicago Downtown/Magnificent Mile owns and operates a hotel at 201 East Walton Place, Chicago, Illinois 60611.

23.     On information and belief, Defendant Residence Inn Chicago Downtown/River North owns and operates a hotel at 410 North Dearborn Street, Chicago, Illinois 60654.

24.     On information and belief, Defendant Fairfield Inn & Suites Chicago Downtown owns and operates a hotel at 216 East Ontario Street Chicago, Illinois 60611.

25.     On information and belief, Defendant SpringHill Suites Chicago Downtown/River North owns and operates a hotel at 410 North Dearborn Street, Chicago, Illinois 60654.

26.     On information and belief, Defendant SpringHill Suites Chicago O'Hare owns and operates a hotel under at 8101 West Higgins Road, Chicago, Illinois 60631.

27.     On information and belief, Defendant Chicago Marriott Suites Deerfield owns and operates a hotel at 2 Parkway North, Deerfield, Illinois 60015.

28.     On information and belief, Defendant Courtyard Chicago Deerfield owns and operates a hotel at 800 Lake Cook Road, Deerfield, Illinois 60015.

29.     On information and belief, Defendant Residence Inn Chicago Deerfield owns and operates a hotel at 530 Lake Cook Road, Deerfield, Illinois 60015.

30.     On information and belief, Defendant Courtyard Chicago O'Hare (Des Plaines) owns and operates a hotel at 2950 South River Road, Des Plaines, Illinois 60018.

31.     On information and belief, Defendant Chicago Marriott Suites Downers Grove owns and operates a hotel at 1500 Opus Place, Downers Grove, Illinois 60515.

32.     On information and belief, Defendant Courtyard Chicago Elmhurst/Oakbrook Area owns and operates a hotel at 370 North Illinois Route 83, Elmhurst, Illinois 60126.

33.     On information and belief, Defendant SpringHill Suites Chicago Elmhurst/Oakbrook Area owns and operates a hotel at 410 West Lake Street, Elmhurst, Illinois 60126.

34.     On information and belief, Defendant Courtyard Chicago Glenview/Northbrook owns and operates a hotel at 1801 Milwaukee Avenue, Glenview, Illinois 60025.

35.     On information and belief, Defendant Fairfield Inn Chicago Gurnee owns and operates a hotel at 6090 Gurnee Mills Circle East, Gurnee, Illinois 60031.

36.     On information and belief, Defendant Courtyard Chicago Highland Park/Northbrook owns and operates a hotel at 1505 Lake Cook Road, Highland Park, Illinois 60035.

37.     On information and belief, Defendant Chicago Marriott Northwest owns and operates a hotel at 4800 Hoffmann Boulevard, Hoffman Estates, Illinois 60192.

38.     On information and belief, Defendant Fairfield Inn Joliet North/Plainfield owns and operates a hotel at 3239 Norman Avenue, Joliet, Illinois 60435.

39.     On information and belief, Defendant Fairfield Inn Joliet South owns and operates a hotel at 1501 Riverboat Center Drive, Joliet, Illinois 60436.

40.     On information and belief, Defendant TownePlace Suites Joliet South owns and operates a hotel at 1515 Riverboat Center Drive, Joliet, Illinois 60431.

41.     On information and belief, Defendant Lincolnshire Marriott Resort owns and operates a hotel at Ten Marriott Drive, Lincolnshire, Illinois 60069.

42.     On information and belief, Defendant Courtyard Chicago Lincolnshire owns and operates a hotel at 505 Milwaukee Avenue, Lincolnshire, Illinois 60069.

43.     On information and belief, Defendant SpringHill Suites Chicago (Lincolnshire) owns and operates a hotel at 300 Marriott Drive, Lincolnshire, Illinois 60069.

44.     On information and belief, Defendant Hickory Ridge Marriott Conference Hotel owns and operates a hotel at 1195 Summerhill Drive, Lisle, Illinois 60532.

45.     On information and belief, Defendant Residence Inn Chicago Lombard owns and operates a hotel at 2001 South Highland Avenue, Lombard, Illinois 60148.

46. On information and belief, Defendant Residence Inn Chicago Lake Forest/Mettawa owns and operates a hotel at 26325 North Riverwoods Boulevard, Mettawa, Illinois 60045.

47. On information and belief, Defendant Courtyard Chicago Naperville owns and operates a hotel at 1155 East Diehl Road, Naperville, Illinois 60563.

48. On information and belief, Defendant Fairfield Inn & Suites Chicago Naperville owns and operates a hotel at 1820 Abriter Court, Naperville, Illinois 60563.

49. On information and belief, Defendant Fairfield Inn & Suites Chicago Naperville/Aurora owns and operates a hotel at 1847 West Diehl Road, Naperville, Illinois 60563.

50. On information and belief, Defendant TownePlace Suites Chicago Naperville owns and operates a hotel at 1843 West Diehl Road, Naperville, Illinois 60563.

51. On information and belief, Defendant Renaissance Chicago North Shore Hotel owns and operates a hotel at 933 Skokie Boulevard, Northbrook, Illinois 60062.

52. On information and belief, Defendant Chicago Marriott Oak Brook owns and operates a hotel at 1401 West 22nd Street, Oak Brook, Illinois 60523.

53. On information and belief, Defendant Oak Brook Hills Marriott Resort owns and operates a hotel at 3500 Midwest Road, Oak Brook, Illinois 60523.

54. On information and belief, Defendant Residence Inn Chicago Oak Brook owns and operates a hotel at 790 Jorie Boulevard, Oak Brook, Illinois 60523.

55. On information and belief, Defendant Courtyard Chicago Oakbrook Terrace owns and operates a hotel at 6 Transam Plaza Drive, Oakbrook Terrace, Illinois 60181.

56.     On information and belief, Defendant Fairfield Inn & Suites Ottawa Starved Rock Area owns and operates a hotel at 3000 Fairfield Lane, Ottawa, Illinois 61350.

57.     On information and belief, Defendant Fairfield Inn Peru owns and operates a hotel at 4385 Venture Drive, Peru, Illinois 61354.

58.     On information and belief, Defendant Courtyard Rockford owns and operates a hotel at 7676 East State Street, Rockford, Illinois 61108.

59.     On information and belief, Defendant Residence Inn Rockford owns and operates a hotel at 7542 Colosseum Drive, Rockford, Illinois 61107.

60.     On information and belief, Defendant Fairfield Inn & Suites Rockford owns and operates a hotel at 7651 Walton Street, Rockford, Illinois 61108.

61.     On information and belief, Defendant Chicago Marriott Suites O'Hare (Rosemont) owns and operates a hotel at 6155 North River Road, Rosemont, Illinois 60018.

62.     On information and belief, Defendant Residence Inn Chicago O'Hare (Rosemont) owns and operates a hotel at 7101 Chestnut Street, Rosemont, Illinois 60018.

63.     On information and belief, Defendant Renaissance Schaumburg Convention Center Hotel owns and operates a hotel at 1551 North Thoreau Drive, Schaumburg, Illinois 60173.

64.     On information and belief, Defendant Courtyard Chicago Schaumburg owns and operates a hotel at 1311 American Lane, Schaumburg, Illinois 60173.

65.     On information and belief, Defendant Residence Inn Chicago Schaumburg owns and operates a hotel at 1610 McConnor Parkway, Schaumburg, Illinois 60173.

66.     On information and belief, Defendant SpringHill Suites Chicago Schaumburg owns and operates a hotel at 1550 McConnor Parkway, Schaumburg, Illinois 60173.

67.     On information and belief, Defendant Courtyard Chicago St. Charles owns and operates a hotel at 700 Courtyard Drive, St. Charles, Illinois 60174.

68.     On information and belief, Defendant Fairfield Inn & Suites Chicago St. Charles owns and operates a hotel at 2096 Bricher Road, St. Charles, Illinois 60174.

69.     On information and belief, Defendant Fairfield Inn Chicago Tinley Park owns and operates a hotel at 18511 North Creek Drive, Tinley Park, Illinois 60477.

70.     On information and belief, Defendant Residence Inn Chicago Naperville/Warrenville owns and operates a hotel at 28500 Bella Vista Parkway, Warrenville, Illinois 60555.

71.     On information and belief, Defendant SpringHill Suites Chicago Naperville/Warrenville owns and operates a hotel at 4305 Weaver Parkway, Warrenville, Illinois 60555.

72.     On information and belief, Defendant Courtyard Chicago Waukegan/Gurnee owns and operates a hotel at 3800 Northpoint Boulevard, Waukegan, Illinois 60085.

73.     On information and belief, Defendant Residence Inn Chicago Waukegan/Gurnee owns and operates a hotel at 1440 South White Oak Drive, Waukegan, Illinois 60085.

74.     On information and belief, Defendant SpringHill Suites Chicago Waukegan/Gurnee owns and operates a hotel at 4101 Fountain Square Place, Waukegan, Illinois 60085.

75.     On information and belief, Defendant Courtyard Chicago Elgin/West Dundee owns and operates a hotel at 2175 Marriott Drive, West Dundee, Illinois 60118.

76.     On information and belief, Defendant TownePlace Suites Chicago Elgin/West Dundee owns and operates a hotel at 2185 Marriott Drive, West Dundee, Illinois 60118.

77.     Defendant GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale ("GFII") owns a hotel by the name of "Courtyard Chicago Wood Dale/Itasca" at 900 North Wood Dale Road, Wood Dale, Illinois 60191. Defendant GFII is a Delaware limited liability company authorized to conduct business in Illinois. Defendant GFII operates under the assumed name "Courtyard Marriott Wood Dale." Defendant GFII utilizes a professional registered agent, National Corporate Research, which is located at 520 South Second Street, #403, Springfield, Illinois 62701.

78.     On information and belief, Defendant La Quinta Inn & Suites Bolingbrook owns and operates a hotel at 225 West South Frontgate Road, Bolingbrook, Illinois 60440.

79.     On information and belief, Defendant La Quinta Inn Chicago O'Hare Airport owns and operates a hotel at 1900 East Oakton Street, Elk Grove Village, Illinois 60007.

80.     The Defendants identified in paragraphs 2-79 above are hereinafter referred to collectively as "the Defendants."

## JURISDICTION AND VENUE

81.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

82.     This Court has personal jurisdiction over each of the Defendants.

83.     Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

84.     On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled

"Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit A.

85.     On June 10, 2008, the USPTO duly and legally issued U.S. Patent No. 7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '002 Patent is attached as Exhibit B.

86.     On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '921 Patent is attached as Exhibit C.

87.     On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '553 Patent is attached as Exhibit D.

88.     On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit E.

89.     On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '771 Patent is attached as Exhibit F.

90.     On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

91.     On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

92.     On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

93.     On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

94.     On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

95.     On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit L.

96.     On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit M.

97.     On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit N.

98.    On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit O.

99.    On January 18, 2011, the USPTO duly and legally issued U.S. Patent No. 7,873,343 ("the '343 Patent") titled "Communication Network Terminal With Sleep Capability." A copy of the '343 Patent is attached as Exhibit P.

100.    On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,536,167 ("the '167 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '167 Patent is attached as Exhibit Q.

101.    The seventeen patents identified in paragraphs 84-100 are hereinafter referred to collectively as the "WLAN Patents."

102.    Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

## COUNT ONE
## <u>INFRINGEMENT OF THE '559 PATENT</u>

103.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

104.    Each of the Defendants has infringed and continue to infringe one or more claims of the '559 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, wireless local area network products ("WLAN Products") to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 6, 7, and 8 of the '559 Patent.

## COUNT TWO
## <u>INFRINGEMENT OF THE '002 PATENT</u>

105.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

106.    Each of the Defendants has infringed and continue to infringe one or more claims of the '002 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-16, 18, and 19 of the '002 Patent.

## COUNT THREE
## <u>INFRINGEMENT OF THE '921 PATENT</u>

107.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

108.    Each of the Defendants has infringed and continue to infringe one or more claims of the '921 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 1, 2, 5, 7, and 8 of the '921 Patent.

## COUNT FOUR
## <u>INFRINGEMENT OF THE '553 PATENT</u>

109.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

110.    Each of the Defendants has infringed and continue to infringe one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the

public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 10-12, 17, 19, and 20 of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

111.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1- 102 as if fully set forth herein.

112.    Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '366 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent.

## COUNT SIX
## INFRINGEMENT OF THE '771 PATENT

113.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

114.    Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '771 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-7 of the '771 Patent.

## COUNT SEVEN
## <u>INFRINGEMENT OF THE '311 PATENT</u>

115.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

116.    Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '311 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent.

## COUNT EIGHT
## <u>INFRINGEMENT OF THE '646 PATENT</u>

117.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

118.    Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-17, 19-22, 26-35, 39-40, 43-45, 47, 49-51, 53-56, 59-64, 66-69, 71-73, 79, 82-89, 91-94, 98-104, 107, 108, 111, 112, 114-123, 125-128, 130, 135-137, 143, and 144 of the '646 Patent.

**COUNT NINE**
**INFRINGEMENT OF THE '397 PATENT**

119.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

120.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '397 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-5 of the '397 Patent.

**COUNT TEN**
**INFRINGEMENT OF THE '893 PATENT**

121.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

122.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '893 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 7-11 of the '893 Patent.

**COUNT ELEVEN**
**INFRINGEMENT OF THE '536 PATENT**

123.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

124.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '536 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-17, 19, 20, and 49 of the '536 Patent.

**COUNT TWELVE**
**INFRINGEMENT OF THE '415 PATENT**

125.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

126.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '415 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 11, 12, and 15 of the '415 Patent.

**COUNT THIRTEEN**
**INFRINGEMENT OF THE '138 PATENT**

127.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

128.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe

one or more claims of the '138 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent.

## COUNT FOURTEEN
## INFRINGEMENT OF THE '907 PATENT

129.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

130.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '907 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 7, 10, 12, 13, 15-17, 20, 21, 23, 24, 30, 33, 35, 36, 38, 39, 40, 43, 44, and 46-50 of the '907 Patent.

## COUNT FIFTEEN
## INFRINGEMENT OF THE '747 PATENT

131.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

132.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '747 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests,

employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-3, 5-8, 11, 13, 16, 17, and 20-25 of the '747 Patent.

<div align="center">

**COUNT SIXTEEN**
**INFRINGEMENT OF THE '343 PATENT**

</div>

133.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

134.    Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '343 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-6, 8-12, 15-20, 22, 23, 25, 28-30, 31-36, 38-42, 45-50, 52, 53, 55, and 58-60 of the '343 Patent.

<div align="center">

**COUNT SEVENTEEN**
**INFRINGEMENT OF THE '167 PATENT**

</div>

135.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 102 as if fully set forth herein.

136.    Innovatio believe that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 73-77,

79-83, 85, 89-97, 100, 102-107, 109-113, 115, 119-127, 130, 132-134, and 203 of the '167 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A.      That each of the Defendants be adjudged to have infringed one or more claims of each of the WLAN Patents;

B.      That each of the Defendants and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN Product, system or network that infringes any WLAN Patent;

C.      That each of the Defendants account for damages sustained by Innovatio as a result of each of the Defendants' infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284; and

D.      That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Innovatio demands a trial by jury on all issues so triable.

Dated: February 17, 2012                                       Respectfully submitted,

                                                  */s/ Matthew G. McAndrews*

Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

*Attorneys for Plaintiff,*
*INNOVATIO IP VENTURES, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2012 the foregoing

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing to all counsel of record in Consolidated Case No. 11 C 9308 (MDL 2303) in

accordance with Local Rule 5.9.

The following counsel of record have appeared in Individual Case No. 11 C 6478:

| | |
|---|---|
| Eric J Schwalb<br>Eckert Seamans Cherin & Mellott, LLC<br>1717 Pennsylvania Avenue, N.W.<br>Suite 1200<br>Washington, DC 20006<br>(202)659-6600<br>eschwalb@eckertseamans.com | F. Joseph Jaskowiak<br>Hoeppner Wagner & Evans LLP<br>1000 East 80th Place<br>6th Floor South<br>Merrillville, IN 46410<br>(219)769-6552<br>jjaskowiak@hwelaw.com |
| Sandy Garfinkel<br>Eckert Seamans Cherin & Mellott, LLC<br>600 Grant Street<br>44th Floor<br>Pittsburgh, PA 15219<br>(412) 566-6868<br>sgarfinkel@eckertseamans.com<br>*Attorneys for Defendants Chicago Marriott at Medical District/UIC, Courtyard Chicago St. Charles, SpringHill Suites Chicago Waukegan/Gurnee, Courtyard Chicago Bloomingdale, Courtyard Chicago Elmhurst/Oakbrook Area, Fairfield Inn Chicago Gurnee, Fairfield Inn Joliet South, Residence Inn Chicago Bloomingdale, Courtyard Chicago Glenview/Northbrook, Fairfield Inn & Suites Chicago Downtown, Fairfield Inn & Suites Chicago Naperville/Aurora, Fairfield Inn & Suites Chicago St. Charles, Springhill Suites Chicago Naperville/Warrenville, and SpringHill Suites Chicago O'Hare.* | Richard M Davis<br>Hoeppner Wagner & Evans Llp<br>103 E Lincolnway<br>Valparaiso, IN 46383<br>(219) 464-4961<br>rdavis@hwelaw.com<br>*Attorneys for Defendants Chicago Marriott Midway, Courtyard Chicago Downtown/Magnificent Mile, Courtyard Chicago Midway Airport, Courtyard Chicago Schaumburg, Fairfield Inn & Suites Chicago Midway, Fairfield Inn Chicago Gurnee, Residence Inn Chicago Downtown/River North, Residence Inn Chicago Lake Forest/Mettawa, Residence Inn Chicago Midway Airport, Residence Inn Chicago Naperville/Warrenville, Residence Inn Chicago Schaumburg, SpringHill Suites Chicago Downtown/River North, and SpringHill Suites Chicago Schaumburg* |

| | |
|---|---|
| Andrew N. Plasz<br>Crowley Barrett & Karaba, Ltd.<br>20 S. Clark Street, Ste. 2310<br>Chicago, Illinois 60603<br>aplasz@cbklaw.com<br>*Attorney for Defendants SpringHill Suites*<br>*Chicago Elmhurst/Oakbrook Area and*<br>*SpringHill Suites Chicago Southwest at Burr*<br>*Ridge/Hinsdale.*<br><br>Anthony Richard Zeuli<br>Christopher C. Davis<br>Shane Allen Brunner<br>Merchant & Gould P.C.<br>3200 IDS Center<br>80 South Eighth Street, S-3200<br>Minneapolis, MN 55402<br>(612)332-5300<br>tzeuli@merchantgould.com<br>cdavis@merchantgould.com<br>sbrunner@merchantgould.com<br>*Attorneys for Defendants Fairfield Inn &*<br>*Suites Chicago Naperville, Fairfield Inn*<br>*Chicago Tinley Park, Fairfield Inn Joliet*<br>*North/Plainfield, Residence Inn Rockford,*<br>*Towneplace Suites Chicago Naperville, and*<br>*Fairfield Inn Peru* | Jay L. Kanzler, Jr.<br>Witzel & Kanzler LLC<br>2001 S. Big Bend Blvd.<br>St. Louis, MO 63117<br>314 645 5367<br>jaykanzler@wkllc.com<br>*Attorney for Defendant La Quinta Inn Chicago*<br>*O'Hare Airport*<br><br>Avidan Joel Stern<br>Lynch & Stern LLP<br>150 S. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606<br>(312) 442-9481<br>(312) 896-5883 (fax)<br>avi@lynchandstern.com<br>*Attorney for Defendant GFII Cardel Wood*<br>*Dale, LLC d/b/a Courtyard Marriott Wood*<br>*Dale* |

          */s/ Matthew G. McAndrews*
          NIRO, HALLER & NIRO
          *Attorneys for Plaintiff*
          *INNOVATIO IP VENTURES, LLC*