# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re:<br>INNOVATIO IP VENTURES, LLC, PATENT LITIGATION | Consolidated Case No. 11 C 9308 (MDL 2303) |
| INNOVATIO IP VENTURES, LLC,<br><br>                 Plaintiff,<br>v.<br><br>COMFORT INN O'HARE;<br>COMFORT INN (ORLAND PARK);<br>EMERSON SKOKIE PARTNERS, LLC<br>D/B/A COMFORT INN (SKOKIE);<br>COMFORT INN (ROMEOVILLE);<br>COMFORT INN (SYCAMORE);<br>COMFORT INN (GURNEE);<br>COMFORT INN (PALATINE);<br>COMFORT INN (ROCKFORD);<br>COMFORT INN (DOWNERS GROVE);<br>COMFORT INN (WAUKEGAN);<br>CEDAR STATE, LLC D/B/A COMFORT INN (CRYSTAL LAKE);<br>COMFORT INN (HOFFMAN ESTATES);<br>COMFORT INN (BOLINGBROOK);<br>COMFORT INN (OTTAWA);<br>COMFORT INN (DIXON);<br>COMFORT INN (ROCHELLE);<br>COMFORT INN (MUNDELEIN);<br>COMFORT INN (OAKBROOK TERRACE);<br>COMFORT INN & SUITES (MARKHAM);<br>COMFORT INN & SUITES (HARVEY);<br>COMFORT INN O'HARE SOUTH;<br>COMFORT INN & SUITES (GENEVA); and<br>COMFORT INN & SUITES (ANTIOCH),<br><br>                 Defendants. | Individual Case No. 11 C 6481<br><br>Honorable Judge James F. Holderman<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

For its First Amended Complaint for Patent Infringement, Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its undersigned counsel, alleges against the Defendants – as particularly identified below – as follows:

## THE PARTIES

1. Plaintiff Innovatio is a limited liability company organized under the laws of the State of Delaware and has a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2. On information and belief, Defendant Comfort Inn O'Hare owns and operates a hotel at 2175 East Touhy Avenue, Des Plaines, Illinois 60018.

3. On information and belief, Defendant Comfort Inn (Orland Park) owns and operates a hotel at 8800 West 159th Street, Orland Park, Illinois 60462-5618.

4. On information and belief, Defendant Emerson Skokie Partners, LLC d/b/a Comfort Inn (Skokie) is a Delaware limited liability company. Emerson Skokie Partners, LLC owns and operates a hotel by the name of "Comfort Inn (Skokie)" at 9333 Skokie Boulevard, Skokie, Illinois 60077.

5. On information and belief, Defendant Comfort Inn (Romeoville) owns and operates a hotel at 1235 Lake View Drive, Romeoville, Illinois 60446.

6. On information and belief, Defendant Comfort Inn (Sycamore) owns and operates a hotel at 1475 South Peace Road, Sycamore, Illinois 60178.

7. On information and belief, Defendant Comfort Inn (Gurnee) owns and operates a hotel at 6080 Gurnee Mills Circle East, Gurnee, Illinois 60031.

8. On information and belief, Defendant Comfort Inn (Palatine) 1200 N. Frontage Rd., Palatine, Illinois 60074 owns and operates a hotel at 6630 South Cicero Avenue, Bedford Park, Illinois 60638.

9. On information and belief, Defendant Comfort Inn (Rockford) owns and operates a hotel at 7392 Argus Drive, Rockford, Illinois 61107.

10. On information and belief, Defendant Comfort Inn (Downers Grove) owns and operates a hotel at 3010 Finley Road, Downers Grove, Illinois 60515.

11. On information and belief, Defendant Comfort Inn (Waukegan) owns and operates a hotel at 3031 Belvidere Road, Waukegan, Illinois 60085.

12. On information and belief, Defendant Cedar State, LLC d/b/a Comfort Inn (Crystal Lake) is an Illinois limited liability company that operates under the assumed name "Comfort Inn – Crystal Lake." Cedar State, LLC owns and operates a hotel by the name of "Comfort Inn (Crystal Lake)" at 595 East Tracy Trail, Crystal Lake, Illinois 60014. Defendant Cedar State utilizes a registered agent, Jack H. Gore, located at 721 West Belmont, Chicago, Illinois 60657.

13. On information and belief, Defendant Comfort Inn (Hoffman Estates) at Burr Ridge/Hinsdale owns and operates a hotel at 2075 Barrington Road, Hoffman Estates, Illinois 60169.

14. On information and belief, Defendant Comfort Inn (Bolingbrook) owns and operates a hotel at 225 West South Frontage Road, Bolingbrook, Illinois 60440.

15. On information and belief, Defendant Comfort Inn (Ottawa) owns and operates a hotel at 510 East Etna Road, Ottawa, Illinois 61350.

16. On information and belief, Defendant Comfort Inn (Dixon) owns and operates a hotel at 136 Plaza Drive, Dixon, Illinois 61021.

17. On information and belief, Defendant Comfort Inn (Rochelle) owns and operates a hotel at 1133 North 7th Street, Rochelle, Illinois 61068-1189.

18. On information and belief, Comfort Inn (Mundelein) owns and operates a hotel at 517 East Route 83, Mundelein, Illinois 60060.

19. On information and belief, Defendant Comfort Inn (Oakbrook Terrace) owns and operates a hotel at 17W445 Roosevelt Road, Oakbrook Terrace, Illinois 60181-3526.

20. On information and belief, Defendant Comfort Inn & Suites (Markham) owns and operates a hotel at 2850 West 159th Street, Markham, Illinois 60428.

21. On information and belief, Defendant Comfort Inn & Suites (Harvey) owns and operates a hotel at 16900 South Halsted Street, Harvey, Illinois 60426.

22. On information and belief, Defendant Comfort Inn O'Hare South owns and operates a hotel at 3001 North. Mannheim Road, Franklin Park, Illinois 60131.

23. On information and belief, Defendant Comfort Inn & Suites (Geneva) owns and operates a hotel at 1555 East Fabyan Parkway, Geneva, Illinois 60134.

24. On information and belief, Defendant Comfort Inn & Suites (Antioch) owns and operates a hotel at 350 West Highway 173, Antioch, Illinois 60002.

25. The Defendants identified in paragraphs 2-24 above are hereinafter referred to collectively as "the Defendants."

**JURISDICTION AND VENUE**

26. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

27. This Court has personal jurisdiction over each of the Defendants.

28. Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS-IN-SUIT**

29. On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit A.

30. On June 10, 2008, the USPTO duly and legally issued U.S. Patent No. 7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '002 Patent is attached as Exhibit B.

31. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '921 Patent is attached as Exhibit C.

32. On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '553 Patent is attached as Exhibit D.

33. On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which

Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit E.

34. On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '771 Patent is attached as Exhibit F.

35. On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

36. On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

37. On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

38. On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

39. On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

40. On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit L.

41. On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit M.

42. On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit N.

43. On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit O.

44. On January 18, 2011, the USPTO duly and legally issued U.S. Patent No. 7,873,343 ("the '343 Patent") titled "Communication Network Terminal With Sleep Capability." A copy of the '343 Patent is attached as Exhibit P.

45. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,536,167 ("the '167 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '167 Patent is attached as Exhibit Q.

46. The seventeen patents identified in paragraphs 29-45 are hereinafter referred to collectively as the "WLAN Patents."

47. Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

## COUNT ONE
## INFRINGEMENT OF THE '559 PATENT

48. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

49. Each of the Defendants has infringed and continues to infringe one or more claims of the '559 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, wireless local area network products ("WLAN Products") to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 6, 7, and 8 of the '559 Patent.

## COUNT TWO
## INFRINGEMENT OF THE '002 PATENT

50. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

51. Each of the Defendants has infringed and continues to infringe one or more claims of the '002 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-16, 18, and 19 of the '002 Patent.

## COUNT THREE
## INFRINGEMENT OF THE '921 PATENT

52. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

8

53. Each of the Defendants has infringed and continues to infringe one or more claims of the '921 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 1, 2, 5, 7, and 8 of the '921 Patent.

## COUNT FOUR
## INFRINGEMENT OF THE '553 PATENT

54. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

55. Each of the Defendants has infringed and continues to infringe one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 10-12, 17, 19, and 20 of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

56. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

57. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '366 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests,

employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent.

**COUNT SIX**
**INFRINGEMENT OF THE '771 PATENT**

58. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

59. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '771 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-7 of the '771 Patent.

**COUNT SEVEN**
**INFRINGEMENT OF THE '311 PATENT**

60. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

61. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '311 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN

Products infringe, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent.

## COUNT EIGHT
## INFRINGEMENT OF THE '646 PATENT

62. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

63. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-17, 19-22, 26-35, 39-40, 43-45, 47, 49-51, 53-56, 59-64, 66-69, 71-73, 79, 82-89, 91-94, 98-104, 107, 108, 111, 112, 114-123, 125-128, 130, 135-137, 143, and 144 of the '646 Patent.

## COUNT NINE
## INFRINGEMENT OF THE '397 PATENT

64. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

65. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '397 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests,

employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-5 of the '397 Patent.

## COUNT TEN
## INFRINGEMENT OF THE '893 PATENT

66. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

67. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '893 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 7-11 of the '893 Patent.

## COUNT ELEVEN
## INFRINGEMENT OF THE '536 PATENT

68. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

69. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '536 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-17, 19, 20, and 49 of the '536 Patent.

## COUNT TWELVE
## INFRINGEMENT OF THE '415 PATENT

70. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

71. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '415 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 11, 12, and 15 of the '415 Patent.

## COUNT THIRTEEN
## INFRINGEMENT OF THE '138 PATENT

72. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

73. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '138 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent.

**COUNT FOURTEEN**
**INFRINGEMENT OF THE '907 PATENT**

74. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

75. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '907 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 7, 10, 12, 13, 15-17, 20, 21, 23, 24, 30, 33, 35, 36, 38, 39, 40, 43, 44, and 46-50 of the '907 Patent.

**COUNT FIFTEEN**
**INFRINGEMENT OF THE '747 PATENT**

76. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

77. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '747 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-3, 5-8, 11, 13, 16, 17, and 20-25 of the '747 Patent.

## COUNT SIXTEEN
## INFRINGEMENT OF THE '343 PATENT

78. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

79. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '343 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-6, 8-12, 15-20, 22, 23, 25, 28-30, 31-36, 38-42, 45-50, 52, 53, 55, and 58-60 of the '343 Patent.

## COUNT SEVENTEEN
## INFRINGEMENT OF THE '167 PATENT

80. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 47 as if fully set forth herein.

81. Innovatio believe that a reasonable opportunity for further investigation or discovery will likely show that each of the Defendants has infringed and continues to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in each of their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 73-77, 79-83, 85, 89-97, 100, 102-107, 109-113, 115, 119-127, 130, 132-134, and 203 of the '167 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A. That each of the Defendants be adjudged to have infringed one or more claims of each of the WLAN Patents;

B. That each of the Defendants and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN Product, system or network that infringes any WLAN Patent;

C. That each of the Defendants account for damages sustained by Innovatio as a result of each of the Defendants' infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284; and

D. That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Innovatio demands a trial by jury on all issues so triable.

Dated: March 20, 2012

Respectfully submitted,

*/s/ Matthew G. McAndrews*
Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602

          Telephone: (312) 236-0733
          Facsimile: (312) 236-3137
          E-mail: mmcandrews@nshn.com
          E-mail: rnirojr@nshn.com
          E-mail: bhaan@nshn.com
          E-mail: gopatken@nshn.com

          *Attorneys for Plaintiff,*
          INNOVATIO IP VENTURES, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 20, 2012 the foregoing

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record in Consolidated Case No. 11 C 9308 (MDL 2303) in accordance with Local Rule 5.9.

The following counsel of record have appeared in Individual Case No. 11 C 6481:

Amanda J. Hollis
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60602
amanda.hollis@kirkland.com

Adam R. Alper
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94109
aalper@kirkland.com

*Attorneys for Comfort Inn (Gurnee), Comfort Inn (Palatine), Comfort Inn (Waukegan) & Comfort Inn (Ottawa)*

Richard A. Cowen
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
rcowen@stahlcowen.com

*Attorney for Comfort Inn & Suites (Harvey)*

Gary I. Blackman
Michael P. Padden
Elizabeth B. Vandesteeg
Levenfeld Pearlstein LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
gblackman@lplegal.com
evandesteeg@lplegal.com

*Attorneys for Comfort Inn (Skokie)*

Alfred S. Lee
Johnson, Westra, Broecker,
Whittaker & Newitt, P.C.
380 S. Schmale Road
Carol Stream, Illinois 60188
asl@jwbwn.com

*Attorney for Comfort Inn (Dixon), Comfort Inn & Suites (Geneva), Comfort Inn (Orland Park), Comfort Inn (Rochelle), and Comfort Inn (Sycamore).*

Eric J. Schwalb
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Avenue, N.W., 12th Floor
Washington, D.C. 20006
eschwalb@eckertseamans.com

*Attorney Comfort Inn Rockford*

Larry D. Drury, Ltd.
100 North LaSalle Street, Suite 1010
Chicago, Illinois 60602
ldrurylaw@aol.com

*Attorney for Comfort Inn (Crystal Lake)*

/s/ Matthew G. McAndrews
*Attorneys for Plaintiff*
INNOVATIO IP VENTURES, LLC
NIRO, HALLER & NIRO