IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re Innovatio IP Ventures, LLC, Patent Litigation | Case No. 1:11-cv-09308<br><br>Judge James F. Holderman<br>Magistrate Judge Sidney Schenkier |
| This Document Relates To:<br><br>All Cases | |

**PARTIES' AGENDA FOR THE SEPTEMBER 11, 2012 STATUS CONFERENCE**

In preparation for the upcoming September 11 status conference in the above-captioned matter, the parties jointly submit the following agenda, identifying the topics that each party would like to address with the Court during the conference:

**Innovatio's Proposed Topics**

1) Protocol For Sniffing "Private" Networks:

    - Innovatio's Position: At the outset of discovery in this case, Defendants agreed that Innovatio may sniff Defendants' infringing networks to collect information relevant to Innovatio's claims. (Dkt. No. 208) ("Innovatio may use commercially-available network analyzers to collect information allegedly regarding the identity (*e.g.*, SSID, manufacturer and MAC address), configuration and use of the allegedly infringing networks, solely to the extent that Innovatio believes it may rely on such information in proving its infringement claims.") Thereafter, the parties and Court spent significant time and resources finalizing the specific protocol for Innovatio's sniffing efforts. Now that it is time to begin to implement this protocol, Defendants have completely changed their position, suggesting that sniffing Defendants' networks is improper.

        Currently at issue is Innovatio's ability to sniff premises that are not accessible to the public, such as warehouses or distribution facilities. More particularly, on August 27, Innovatio served a request to sniff a distribution center operated by Dominick's one of the ABP Defendants. Innovatio requested access on September 10, two weeks after making the initial request.[1] Dominick's has

---

[1] This time frame for gaining access comported with Defendants' prior proposal that Innovatio provide Defendants with ten days notice prior to accessing Defendants' premises. (*See* Dkt. No. 349, Ex. 8 at para. 5.)

objected to Innovatio's request, noting that it need not respond to Innovatio's request for thirty days. The parties have met and conferred on the issue, but to date have not reached a resolution.

Defendants have raised two objections to providing Innovatio with access to these locations, neither of which have merit. First, Defendants suggest that Innovatio may capture privileged or sensitive personal information. As discussed at length in Innovatio's motion for entry of a protocol, the modified version of Wireshark used by Innovatio writes over the payload data, and thus, Innovatio will not obtain any privileged or personally sensitive (or for that matter, any "substantive") information. Because Innovatio's inspection is limited in time, Defendants can also avoid this issue by simply notifying their employees that Innovatio's technician will be on-site and to limit any privileged or sensitive communications during that time. In addition, Innovatio's proposal allows for Defendants to review the capture files prior to the files being provided to Innovatio so that Defendants may remove any allegedly privileged or sensitive information, thus providing an absolute safeguard against the disclosure of any such information. As such, Defendants' concerns are unfounded.

In addition, Defendants suggest that the information sought by Innovatio may be obtained through other discovery means. To the contrary, nearly all of the Network Operators have consistently objected to Innovatio's discovery on the basis that they do not have access to, or the technical expertise to provide, the necessary details regarding how their networks operate. Moreover, Defendants have had Innovatio's infringement contentions for months and are well aware of the types of information that Innovatio is relying on to prove its case. For example, Innovatio cites to the use of "Traffic Indication Maps" ("TIMs") as an indication that certain devices operate in power save mode. Defendants have not pointed to a single document produced to date – or even indicated the type of document that it could produce (other than "sniffing" themselves) – to evidence their use of TIMs. Simply put, sniffing is likely the best source of evidence as to how the Defendants use the infringing networks.

Finally, Defendants requests are simply meant to continue to delay the proceedings. Innovatio served their first set of discovery requests on the Manufacturers and New Network Operators in July. While each of these Defendants has agreed to produce documents responsive to every single discovery request served, none of these Defendants have completed their production. In fact, **<u>a vast majority of these Defendants have refused to even provide a date certain by which they will start producing documents, let alone commit as to when they will complete their production</u>**. The current schedule does not allow for the parties to spend weeks, if not months, waiting to see if the Network

Operators can provide sufficient evidence through other means regarding how their networks are used.[2]

Thus, for each of these reasons, Innovatio requests that it be allowed to commence sniffing Defendants' private networks pursuant to the protocol attached as Exhibit A.

- Defendants' Position: Defendants disagree with Innovatio's characterization of the status of the parties' interactions about this issue and believe that Innovatio's proposal to resolve these issues during the September 11, 2012 status conference is extremely premature. Innovatio did not provide Defendants with its proposed protocol for sniffing Defendants' private networks at Defendants' private facilities, or its proposed "schedule" for sniffing Defendants' private networks at more than fifty different facilities of Defendants, until ***the afternoon before the deadline for filing this agenda***, leaving Defendants no meaningful time to consider, object, or respond to Innovatio's proposed protocol and schedule. The Court's August 22, 2012 Order addressing Innovatio's proposal to sniff Defendants' *public*-facing networks explained that it did "not address the propriety of sniffing private networks" and encouraged the parties "to confer" in the event that Innovatio nevertheless "desires to sniff private networks." Because the parties have not had any meaningful opportunity to confer about the proposals provided by Innovatio yesterday, Defendants suggest that the parties confer about those proposals and request that the Court set a briefing schedule in order to resolve any issues that the parties are not able to resolve during the meet and confer process.

    Innovatio's statement of its position suggests that Defendants consented to Innovatio sniffing their private networks "[a]t the outset of discovery." At the initial status hearings before the Court, however, Innovatio did not mention the prospect of sniffing private networks. (*See* 4/10/12 Hr'g Tr. at 61–66, *e.g.*, 61:21 ("MR. McANDREWS: And capture public information, sure. If you think about a coffee shop -- a Starbucks is a really popular example."); 7/12/12 Hr'g Tr. at 8–40, *e.g.*, 12:14 ("My understanding is that we have done the public area, common area, cafe-style sniffing in a hotel.")). Rather, Innovatio raised the issue of sniffing "private" networks for the first time in the context of its July 19, 2012

---

[2] While recently conferring, Defendants suggested for the first time that they may be willing to stipulate as to the information that Innovatio would obtain were it to sniff Defendants' networks. Innovatio has obvious reservations that the Defendants will, in fact, stipulate that their networks operate in a manner that likely infringes the patents. In the end, Innovatio suggests that the parties may be able to work out a stipulation that narrows Innovatio's sniffing efforts by agreeing that the results obtained at one or more premises are typical and would likely be the same or similar at other locations. However, even in this instance, Innovatio would still be required to sniff at least some of Defendants' premises.

motion regarding its proposed sniffing protocol for "Public-facing Networks," (7/19/12 Pl.'s Rule 16(c)(2) Mtn. [Dkt. 329] at 5–6 & n.3), and Defendants vigorously objected in their Response brief, citing numerous concerns. (8/2/12 Defs.' Response to Pl.'s Rule 16(c)(2) Mtn. [Dkt. 349] at 8–9 & n.6.) Addressing this issue in its Order, the Court stated:

> The court declines to address that question at this time because the protocol that Innovatio has moved the court to approve applies by its terms only to 'Public-facing Networks.' In approving that protocol, therefore, ***the court need not address the propriety of sniffing private networks***. If Innovatio desires to sniff private networks, the court encourages the parties to ***confer and to attempt to agree on an appropriate protocol*** for that activity.

(8/22/12 Order at 9 & n.6 (citations omitted) (emphasis added)).[3]

Rather than approach Defendants to confer about this issue, on August 27, 2012, Innovatio instead unilaterally served a request pursuant to Federal Rule of Civil Procedure 34(a) to inspect a fifty-six acre, million-plus-square-foot private facility belonging to one of the Defendants (Dominick's) for the purposes of sniffing Dominick's private networks and "sniff[ing], inspect[ing], and/or query[ing] … all wireless devices used by Dominick's *or its employees* at this location." This request sought to enter a private warehouse facility with nearly four hundred employees and host of complicated safety issues fourteen days after serving the notice: on September 10, 2012, a date unilaterally selected by Innovatio without consulting with Defendants. By unilaterally selecting a date for inspection only two weeks after service of the request for inspection, Innovatio's request improperly purported to deprive Dominick's of the time allowed under Federal Rule of Civil Procedure 34(b)(2)(A) to object to Innovatio's request. *See* Fed. R. Civ. P. 34(b)(2)(A) ("Time to Respond. The party to whom the request is directed must respond in writing ***within 30 days*** after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.") (emphasis added); *see also Holliday v. Extex*, 237 F.R.D. 425, 427 (D. Haw. 2006) ("First, [defendant's] request did not allow Plaintiffs Holliday thirty days to respond and [defendant] did not obtain an agreement or a court order for a shorter time period. … [defendant] could have served Plaintiffs Holliday with its Rule 34 request for inspection at any time after May 8, 2006. This would have allowed [Plaintiffs] and [Defendant] to work out a reasonable schedule for inspection of the parts by each side's experts. … This Court therefore finds that [Defendant's] mid-June 2006 request for inspection of the subject parts was unreasonable.").

---

[3] Moreover, contrary to Innovatio's current claim that "Defendants have completely changed their position," the Court's order expressly found that Defendants "did not consent to allowing Innovatio to collect the substantive communications sent over the Wi-Fi networks." (8/22/12 Order at 6 & n.4).

Subsequently, on the afternoon before the deadline for filing this agenda, and even though parties had not yet had a meaningful opportunity to confer about Innovatio's request to enter Dominick's private facilities and sniff Dominick's private networks, Innovatio proposed an entirely *new* protocol for sniffing "private" networks. (9/5/12 Spuhler Email to Cutri Regarding Agenda). Innovatio's new protocol changes numerous aspects of the proposal contained in Innovatio's August 27, 2012 request to inspect Dominick's premises, and deleted other aspects of that earlier proposal. At the same time, Innovatio sent Defendants (for the first time) a proposed schedule to conduct sniffing operations at more than fifty facilities operated by Defendants. In light of the late timing of Innovatio's proposals, the parties have not had any meaningful opportunity to confer about Innovatio's proposals.

Moreover, Innovatio's suggestion that Defendants have only "two objections" to Innovatio's proposal to sniff their private networks is incorrect. First, Defendants have only just received Defendants' latest proposals and the deadline for serving objections to Innovatio's August 27 request to inspect the private Dominick's facility is weeks in the future. *See* Federal Rule of Civil Procedure 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within ***30 days after being served***."). Defendants are not seeking "to delay," as Innovatio accuses. Rather, Defendants are not surprisingly still in the process of reviewing the new proposals sent over by Innovatio *yesterday* and assessing the objectionable aspects of those proposals.

Second, Defendants already have numerous concerns about Innovatio's proposals to enter their private facilities and sniff their private networks. In addition to concerns about the legality of Innovatio's proposals, an issue that expressly was not resolved in the Court's August 22, 2012 Order (Dkt. No. 393), Defendants have significant concerns about the possibility that Innovatio will intercept privileged or other highly sensitive information, which are not resolved by Defendants' proposed protocol. Defendants also have grave concerns about the immense burden that Innovatio's proposed sniffing regimen would place on Defendants, without any adequate showing by Innovatio that the information it seeks is relevant to the issues in this case and that it cannot be obtained through other means, such as through discovery requests to or a stipulation from Defendants. *See, e.g.*, *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908–10 (4th Cir. 1978) ("[T]he degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection. … Although the Federal Rules do not prescribe an order of preference for discovery techniques, one method cannot arbitrarily be demanded over another simply because it is less burdensome to the moving party."). Indeed, although Innovatio suggests that the sniffing data it seeks is of paramount importance, Innovatio's infringement contentions only cite to the sniffing data it obtained months ago (in May) in connection with only two out of the hundreds of patent claims it asserts in this action. Moreover, although Defendants have suggested that they will consider a proposed stipulation covering the matters that

Innovatio claims to seek by sniffing Defendants' private networks, Innovatio still has not sent over a proposed stipulation -- highlighting the extreme prematurity of Innovatio's request that the Court issue rulings about these issues. Finally, Innovatio's suggestions that Defendants' discovery efforts are somehow deficient are not supported and incorrect.

Because the parties have not had any meaningful opportunity to confer about the proposals provided by Innovatio yesterday, Innovatio's request that the Court adopt the proposed protocol that Innovatio provided to Defendants yesterday should be rejected. Instead, Defendants believe that the parties should be required to confer about those proposals and that a briefing schedule should be set in order to resolve any issues that the parties are not able to resolve during the meet and confer process.

2) Schedule For Sniffing "Private" Networks:

- Innovatio's Position: Given the time constraints of the current schedule, along with the number of locations that Innovatio intends to sniff prior to the deadline for serving its infringement contentions[4], Innovatio requests that the Court enter the "sniffing" schedule attached as Exhibit B. Innovatio's proposed schedule attempts to group premises geographically to minimize travel for counsel and the technicians. This proposed schedule is based on publicly-available information and other information obtained from Defendants' through discovery. Many of the Network Operators have yet to provide even a listing of the premises where the infringing networks are located, as clearly requested by Innovatio's discovery requests. As such, Innovatio reserves the right to "clarify" and/or modify the schedule once such information is provided. For example, Innovatio has entered a placeholder for sniffing a Wal-Mart store in "Chicago" on September 24. Once Wal-Mart provides complete responses to Innovatio's discovery requests, as it has already agreed to do, Innovatio will provide additional information regarding the specific location that it intends to sniff (e.g. the Wal-Mart on Grand Ave. in Chicago).

    It should also be noted that Innovatio's proposed schedule, while relatively full between now and mid-November, does not include dates for sniffing the significant number of public-facing networks operated by Defendants such as Accor hotels, Caribou Coffee, Cosi, Dominick's, Panera Bread, AirTran, Delta Air, Barnes & Noble, Jewel, Starbucks, McDonalds, and HVM hotels.

- Defendants' Position: As noted above, Innovatio provided Defendants with its proposed schedule for conducting sniffing operations at more than fifty facilities

---

[4] Innovatio reserves the right to continue its sniffing efforts even after the deadline for serving its initial infringement contentions.

operated by Defendants the afternoon before this agenda was due to be filed. Because the parties have not had any meaningful opportunity to confer about the proposals provided by Innovatio yesterday, Defendants believe that the parties should be required to confer about those proposals and that a briefing schedule should be set in order to resolve any issues that the parties are not able to resolve during the meet and confer process.

3) Identification Of "Tier Two" Parties:

- Innovatio's Position:  The Court has stated on previous occasions that it intends to have all parties proceed through the Markman phase, after which only certain "Tier One" parties will advance through the expert and summary judgment stages and through trial.  There are several Defendants, including individual hotels, which will not have a substantial impact on the resolution of Innovatio's campaign, and thus, will almost certainly be relegated to "Tier Two."  With the Court's permission, Innovatio intends to work with Defendants' counsel to identify there "Tier Two" parties prior to the October status conference.

- Defendants' Position:  As Innovatio concedes, "[t]he Court has stated on previous occasions that it intends to have all parties proceed through the Markman phase." *See also* Transcript of April 10, 2012 Hearing at 12 ("Well, back to phasing. And I realize this is kind of a key issue. And, to some extent, it is hard for me, at the outset of this litigation, to think about case phasing. And so what I'd like to do -- and I know that some people might be disappointed. What I'd like to do is work the case up to and including a claim construction determination and then make an evaluation.").  While it is not clear from Innovatio's statement of position in this agenda (which the parties have not previously discussed) what exactly Innovatio proposes, it appears that Innovatio's proposal is inconsistent with the Court's prior admonitions about when case phasing will occur in this litigation.

**Defendants' Proposed Topics**

Defendants do not propose that any additional topics be addressed during the September 11, 2012 status conference.

Dated: September 7, 2012

/s/ /Ronald H. Spuhler/
Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

Jean D. Kuelper
Gregory C. Schodde
Peter J. McAndrews
Ronald H. Spuhler
Shawn L. Peterson
McANDREWS, HELD & MALLOY, LTD.
500 West Madison St., Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000
E-mail: jkuelper@mcandrews-ip.com
E-mail: gschodde@mcandrews-ip.com
E-mail: pmcandrews@mcandrews-ip.com
E-mail: rspuhler@mcandrews-ip.com
E-mail: speterson@mcandrews-ip.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC

/s/ Michael W. De Vries
Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
213.680.8400 (Telephone)
michael.devries@kirkland.com

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
gianni.cutri@kirkland.com

Adam R. Alper (Pro Hac Vice)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
415.439.1400 (Telephone)
415.439.1500 (Facsimile)
adam.alper@kirkland.com

*Counsel for Certain Defendants and Declaratory Judgment Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2012 the foregoing **PARTIES' AGENDA FOR THE SEPTEMBER 11, 2012 STATUS CONFERENCE** was filed with the Clerk of the Court via CM/ECF, which will send notifications of such filing via electronic mail to all counsel of record.

/s/ Ronald H. Spuhler
Ronald H. Spuhler
*Attorney for Plaintiff,*
INNOVATIO IP VENTURES, LLC