IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re Innovatio IP Ventures, LLC, Patent Litigation | Case No. 1:11-cv-09308<br><br>Judge James F. Holderman<br>Magistrate Judge Sidney Schenkier |
| This Document Relates To:<br><br>All Cases | |

# **PARTIES' AGENDA FOR THE OCTOBER 11, 2012 STATUS CONFERENCE**

In preparation for the upcoming October 11 status conference in the above-captioned matter, the parties jointly submit the following agenda, identifying the topics that each party would like to address with the Court during the conference:

**Innovatio's Proposed Topics**

1) Innovatio's Motion for Leave to File an Amended Complaint (Dkt. No. 434):

   - Innovatio seeks permission to file an amended complaint against certain ABP Defendants and New Network Operators that includes patents previously asserted against the Manufacturer Defendants and that includes an updated identification of claims that parallels Innovatio's initial infringement contentions previously served on the Network Operator Defendants. Defendants do not object to Innovatio's motion.

2) Defendants' Amended Complaint (Dkt. No. 431):

   - Innovatio's Position: On October 1, 2012, certain Manufacturers (Cisco, Motorola and Netgear) filed an amended complaint, adding two new parties and several new counts, including RICO and conspiracy claims. Innovatio did not consent to the filing of this Complaint, and therefore, the Manufacturers were required to seek leave prior to filing their complaint. *See* Fed. R. Civ. P. 15. Innovatio does not believe that a party can usurp the court's "gatekeeping" authority by filing an amended complaint at any point prior to the deadline set by the court without seeking leave of court (and despite requests, Defendants have not provided any caselaw supporting their position). Accordingly, Innovatio seeks guidance from the Court as to how Innovatio should respond and/or object to the Complaint.

- <u>Defendants' Position:</u> According to the Court's Scheduling Order, October 1 was the deadline for the parties to amend pleadings. *See* Dkt. No. 318. In accordance with that deadline, on October 1, Defendants asserted additional counterclaims in connection with this case, relating to the patents-in-suit and Innovatio's attempts to license the patents. Innovatio asserts that a motion for leave to amend was required for Defendants' claims. As set forth briefly below, while the requirements of a motion for leave to amend would be easily satisfied here, Defendants disagree that a motion for leave was required in this instance. However, to allow for the prompt and orderly resolution of this issue and any other objections Innovatio has to the Suppliers' amended complaint, Defendants below propose a briefing schedule allowing Innovatio to promptly raise any objections it has to the new claims.

  First, Innovatio's current position on the October 1 deadline conflicts with its prior positions on this issue. Although Innovatio now contends that Defendants were required to seek leave to amend, in setting this deadline, Innovatio repeatedly and unequivocally confirmed to Defendants and the Court that Defendants had until October 1 to add parties or claims. *See, e.g.,* July 10, 2012 Status Conference Agenda at 1 (Innovatio confirming that "Defendants were given until October 1 in which to add parties or claims."). In fact, earlier in the proceedings, when Innovatio sought an extension to October 1 for its own amended claims, this very issue was presented to the Court - *i.e.,* whether October 1 should be a deadline for Innovatio to add claims or parties without leave, or whether the parties should be allowed to dispute at that point whether new claims and parties should be integrated into the MDL proceedings. *See id.* In contrast to its position now, Innovatio argued then that it should have until October 1 to add claims or parties ***without*** questioning whether the claims should be integrated into these proceedings. *See* July 12 Hearing Transcript at 5-6 (according to Innovatio, disputes over whether the claims should be integrated before the amended pleading deadline would ***"create an unnecessary level of uncertainty"*** in the MDL proceedings). In response, the Court granted leave to ***"file whatever additional contentions there are or any new assertions of patents by no later than October 1."*** *See id.* According to the Court, questions regarding whether to separate out claims filed by October 1 could be addressed at a later juncture under Fed. R. Civ. P. 42(b). *See id.* (questions as to whether to separate out claims would "not come at the discovery stage, it will come at the trial stage.").

  Now, after Innovatio confirmed that the parties had until October 1 to add claims and parties - which Defendants relied on in submitting their amended claims when they were due on October 1 - Innovatio argues that October 1 may have been "too late" for Defendants to bring additional claims into this case. This is in direct conflict with Innovatio's prior positions. *See* above. Moreover, although Innovatio objects to integrating ***Defendants'*** amended claims into these proceedings, Innovatio offers an inconsistent position on ***its own*** proposed amendments made on October 1 (Item 1 above) - *i.e.,* new claims against six End

User defendants adding six new patents (bringing the total up to 23 patents per defendant).

Consistent with the Court's prior guidance, Defendants' believe that, to the extent there are decisions to be made as to how to phase the trials of claims in this case, they can be addressed in later proceedings. However, should the Court wish to be presented with arguments on whether Defendants' claims should be integrated in these proceedings upfront, and to the extent that Innovatio intends to object to Defendants' amendments in the first instance, Defendants respectfully propose the following briefing schedule to allow Innovatio to present any grounds it has for opposing the amendments, so that the current pleadings issues can be promptly settled:

| Defendants to file motion for leave to amend | October 15, 2012 |
|---|---|
| Innovatio to file opposition (raising any objections to claims, procedural or otherwise) | October 26, 2012 |
| Defendants to file reply brief | November 9, 2012 |
| Innovatio files answer to Defendants' amended complaint | 10 days after Court's ruling on motion to amend |

3) Identification Of "Tier Two" Parties:

- <u>Innovatio's Position:</u>  The Court has stated on previous occasions that it intends to have all parties proceed through the Markman phase, after which only certain "Tier One" parties will advance through the expert and summary judgment stages and through trial. The current schedule contemplates that the parties exchange final infringement, invalidity and unenforceability contentions prior to the Markman hearing. Attached as Exhibit A is a list of several Defendants, such as individual hotels or "small" network operators, which will likely not have a substantial impact on the resolution of Innovatio's campaign. Innovatio requests that these parties be removed from the pool of potential "Tier One" Defendants. The Defendants listed in Exhibit A shall provide Innovatio with a complete response to Innovatio's Interrogatories Nos. 1 and 2 (which generally require an inventory of the Defendant's wireless networks and equipment) no later than October 31, 2012, in hopes that providing such information may allow the parties to reach an amicable resolution. Thereafter, all proceedings relating to these Defendants (including discovery and the service of contentions) shall be stayed until the Court enters a schedule for the remaining "Tier Two" parties. Innovatio believes that this proposal will allow Innovatio and the potential "Tier One" Defendants to focus their attention on preparing their "Tier One" case, and will allow Innovatio and the "Tier Two" parties to have the benefit of the Court's Markman ruling before finalizing their contentions.

- Defendants' Position: At the last status hearing, the Court directed Innovatio to meet and confer with the Defendants concerning its proposal concerning the scheduling of certain Customers defendants (i.e., small hotels). Innovatio did not make a proposal to Defendants until the evening before this agenda was due. Defendants will promptly evaluate this proposal and meet and confer with Innovatio in the days leading to the upcoming October 11 status hearing.

4) "Status Report" of the Parties' Discovery Efforts (no ruling needed):

- Innovatio's Position: The current deadline for serving final infringement and invalidity contentions is December 21, 2012. To date, Innovatio has received little, if any, discovery from the Network Operators, including **no** production from the New Network Operators. Likewise, two of the five Manufacturers (SonicWALL and HP) have produced very little meaningful information regarding the accused products, while the remaining three Manufacturers (Cisco, Motorola and Netgear) produced nearly 400 Gbytes of data (most of which was re-produced from an unrelated litigation, and much of which has no relevance to the current action). All Defendants have agreed that their production will be substantially completed by the end of October.

   Likewise, the parties are currently briefing Innovatio's request to "sniff" the Network Operator's private networks. Defendants' motion for a protective order is scheduled to be heard by Judge Schenkier on October 19.

   In light of these issues, Innovatio will likely be seeking an extension of time in which to file its final infringement contentions.

- Defendants' Position: This issue first arose approximately a month ago when Defendants wrote to Innovatio about its forthcoming LPR 3.1 Final Infringement Contentions. Because Innovatio's Preliminary Infringement Contentions rely nearly exclusively on the accused 802.11 standards documents without any material references to the actual accused products, Defendants sought to confirm that Innovatio's Final Infringement Contentions - which are not due until December 21, 2012- would include product-level detail identifying the specific aspects of the products that Innovatio contends satisfy the claim elements. In response, Innovatio contended that it would need a two-month extension of its contentions deadline to accommodate Defendants' requests. Defendants disagree that an extension is appropriate at this time. Although Innovatio suggests that it may need more discovery to provide product-level contentions, Innovatio has not exercised diligence in seeking relevant discovery. For example, Innovatio has taken no steps to subpoena or otherwise obtain discovery from the manufacturers of the Wi-Fi chips within the accused products to which Innovatio directs its infringement allegations. With respect to Defendants, Defendants have invited

Innovatio to describe the specific additional materials it needs, but Innovatio has not done so.[1]

Innovatio previously requested and received a substantial extension in the schedule, which the Court indicated would be the last adjustment. *See* June 28, 2012 Tr. at 18. Although Defendants are willing to confer with Innovatio, Defendants respectfully submit that Innovatio has not provided a sufficient basis to justify a further extension of the case deadlines at this time.

---

[1] Innovatio references its collection of "sniffing" information, but Innovatio has not explained how its "sniffing" information will, as required by the Patent Rules, identify specifically where each element of each asserted claim can be found in each accused product. Nor has Innovatio explained why the timing of its sniffing efforts justifies an extension. While Innovatio may attempt to include "sniffing" information in its contentions, that does not excuse Innovatio from citing to actual technical documents describing the structure and operation of the accused instrumentalities. The Supplier Defendants have provided substantial text-searchable documentation to that effect, as well as multiple indices identifying by Bates number key technical documents. Innovatio has no excuse at this point for not providing product specific contentions.

Dated: October 5, 2012

/s/ /Ronald H. Spuhler/
Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

Jean D. Kuelper
Gregory C. Schodde
Peter J. McAndrews
Ronald H. Spuhler
Shawn L. Peterson
McANDREWS, HELD & MALLOY, LTD.
500 West Madison St., Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000
E-mail: jkuelper@mcandrews-ip.com
E-mail: gschodde@mcandrews-ip.com
E-mail: pmcandrews@mcandrews-ip.com
E-mail: rspuhler@mcandrews-ip.com
E-mail: speterson@mcandrews-ip.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC

/s/ Michael W. De Vries
Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
213.680.8400 (Telephone)
michael.devries@kirkland.com

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
gianni.cutri@kirkland.com

Adam R. Alper (Pro Hac Vice)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
415.439.1400 (Telephone)
415.439.1500 (Facsimile)
adam.alper@kirkland.com

*Counsel for Certain Defendants and Declaratory Judgment Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 5, 2012, the **PARTIES' AGENDA FOR THE OCTOBER 11, 2012 STATUS CONFERENCE** was filed with the Clerk of the Court via CM/ECF, which will send notifications of such filing via electronic mail to all counsel of record.

/s/ Ronald H. Spuhler
*Attorney for Plaintiff*
INNOVATIO IP VENTURES, LLC