IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re Innovatio IP Ventures, LLC, Patent Litigation | Case No. 1:11-cv-09308<br><br>Judge James F. Holderman<br>Magistrate Judge Sidney Schenkier |
| This Document Relates To:<br><br>All Cases | |

**PARTIES' AGENDA FOR THE NOVEMBER 8, 2012 STATUS CONFERENCE**

In preparation for the upcoming November 8 status conference in the above-captioned matter, the parties jointly submit the following agenda, identifying the topics that the parties would like to address with the Court during the conference:

**Innovatio's Proposed Topics**

1) Modification to the current schedule: Under the current schedule, the deadline for Innovatio to serve its final infringement contentions is December 21, 2012. [*See* Dkt. No. 318.] Innovatio is seeking an extension of this deadline.

    - Innovatio's Position:

        o Vast Amounts of Critical Discovery Have Not Been Provided: Innovatio served its first set of discovery requests on the New Network Operators and Manufacturers in mid-July. These requests sought information regarding the identity, configuration and operation of Defendants' infringing networks and equipment.[1] Many of the Defendants (including at least 14 of the 16 New Network Operators) have yet to provide even the most basic information, including an identification of the wireless networks and equipment used by the Defendants.

        Concerned with the delay in Defendants' production, Innovatio raised this issue with Judge Schenkier during the September status hearing. During the

---

[1] Defendants should have included such information in their LPR 2.1 Initial Disclosures, which were due on July 17. (*See* LPR 2.1; requiring infringer to produce documents sufficient to show the operation and construction of each accused apparatus or method.)

hearing, counsel for 15 of the 16 New Network Operators, and three of the five Manufacturers represented that:

> On the side of defendants for both the suppliers and the customers, we think in general that **we can substantially complete these productions by the end of October, with a large portion of them coming sooner than that** . . ..

(Tr. of Sept. 20 Hrg. before Judge Schenkier at p. 6; emphasis added.)

During the October 19 hearing before Judge Schenkier, Innovatio noted that (1) it had yet to receive any, let alone a "large portion," of Defendants' production, as previously promised; and (2) parties represented by other counsel refused to agree to complete their production by the end of October. In response, Judge Schenkier noted that "in the ordinary course of things, three months out to be – three-and-a-half months [i.e. from service in mid-July to end of October] ought to be plenty of time to finish any production, any production." (Tr. of Oct. 19 Hrg. at p. 6.)

Despite their promises, not a single Network Operator substantially completed their production prior to the end of October. Most have only produced materials regarding their efforts to seek indemnification, but no substantive information regarding their accused networks or equipment.

As for the Manufacturers, Cisco, Motorola and Netgear's LPR 2.1 production included 400Gbytes of data, consisting of over 2.7 million pages most, if not all, of which was previously produced in an unrelated litigation.[2] After raising this issue with Judge Schenkier, the Defendants ultimately agreed to provide an index identifying the specific documents in the production that they believed were relevant to this case. Defendants' indexes identified just over 80,000 pages, meaning that Defendants produced about 2.6 million pages (or about 97% of their "dump") that they concede are not relevant to this action. At the time of serving their indexes, these Defendants also produced "new" documents. Innovatio's review of these documents continues. However, after high-level reviews, it appears that these Defendants' production is not complete.

---

[2] It is clear that the Defendants' plan is to have the Manufacturers produce a significant number of documents, while having the Network Operators withhold information as long as possible. Defendants can then argue that the Manufacturers' case has advanced ahead of the Network Operators, and thus, the Manufacturers should proceed in Tier One. The Court should not reward Defendants for this behavior. Moreover, evidence of the Network Operators' direct infringement is relevant to the claim of indirect infringement against the Manufacturers. As such, Innovatio is entitled to obtain discovery from the Network Operators before serving its final infringement contentions against the Manufacturers.

Moreover, Defendants belatedly raised a prosecution bar objection, demanding that any Innovatio attorney that was involved in any prosecution or acquisition activity be prohibited from accessing Defendants' production. Defendants' objection prevented Innovatio's key technical counsel from accessing Defendants' document dump until the issue was finally resolved on October 2.

Likewise, neither HP nor SonicWALL have completed their productions, although both parties have confirmed that additional productions are forthcoming soon.

Innovatio should not be required to serve its final infringement contentions until such production is complete.

- Issues of "Private" Sniffing Have yet to be Resolved: As this Court is aware, Defendants have objected to Innovatio sniffing Defendants' "private" warehouses, distribution facilities and offices. For certain Defendants, such as FedEx and UPS, a large majority of their infringing use will take place in private facilities. For others, such as Wal-Mart, Home Depot and Lowe's, the use will be more evenly distributed among retail stores (which are "public," and thus, Innovatio is allowed to sniff) and warehouses. Even "restaurant/coffee shop" Defendants such as Starbucks, though, have private distribution centers and offices. Innovatio should be allowed the opportunity to complete private sniffs of at least "representative" private facilities for these Defendants before serving their final infringement contentions.[3]

  Innovatio served its first request to inspect a private facility in August, shortly after this Court issued is ruling on the public networks. During the parties' September status conference before Your Honor, it was suggested that if the parties could not resolve the issue, Defendants should file a motion for protective order before Judge Schenkier. Defendants did so. In their motion Defendants argued, among other things, that they would provide responses to written discovery instead of proceeding with sniffing.

  During the parties' October status hearing before Judge Schenkier, the Court requested that Innovatio serve requests to admit on Defendants regarding the operation of Defendants' networks and equipment. Innovatio has done so. Defendants' responses are due on November 16.

---

[3] During the parties' discussions about Innovatio's proposed extension, Innovatio asked whether Defendants would agree that Innovatio would have good cause in which to amend its contentions to include private sniffing results which, under the current schedule, will undoubtedly be obtained after the December 21 deadline. Defendants would not do so. Obviously, with the thousands of infringing locations, Innovatio should be able to freely amend its final infringement contentions to reflect later-obtained sniffing results.

> In parallel, the Court has allowed Innovatio the opportunity to sniff "private" facilities for three Defendants pursuant to Innovatio's proposed protocol. These sniffs are scheduled to take place on November 5-7.
>
> After exchanging the responses to Innovatio's requests to admit and the sniffing results, the parties intend to discuss whether they can reach an agreement that would eliminate the need for sniffing (although Innovatio still questions whether the parties will be able to reach an agreement without completing at least some additional sniffing). The parties are scheduled to appear before Judge Schenkier on December 4 to discuss their progress and, if they are unable to reach a resolution, how the parties should proceed going forward.
>
> o <u>Innovatio's proposal</u>: Given Defendants' failure to produce even the most basic information to date, along with Defendants' attempts to block Innovatio's private sniffing efforts, Innovatio requests that it be granted an extension until April 26, 2013 in which to serve its final infringement contentions. Assuming that Defendants' production is forthcoming, as previously promised, Innovatio's proposal parallels the timeframe allotted by the Local Patent Rules (twenty-three weeks from Initial Disclosures to Final Contentions, which is just over five months), as well as the previous schedule entered in this case (July 17, 2012 for the Initial Disclosures to December 21, 2012, which is just over five months).
>
> Innovatio does not believe that it is necessary to move any other dates in the current schedule, including the deadline for claim construction, although it is willing to discuss moving these dates if the Court is so inclined.

- <u>Defendants' Position:</u>

   > Innovatio requests a significant modification to the current schedule: a four-month delay (from December 21, 2012 to April 23, 2013, after all claim construction briefing will have been filed) in providing its Final Infringement Contentions. Defendants oppose this request for several reasons. First, Innovatio's justification for the extension - *i.e.,* an alleged lack of discovery from Defendants - is incorrect; Defendants have provided substantial discovery. In fact, Innovatio acknowledged in a stipulated order filed with Magistrate Judge Schenkier that the Supplier Defendants satisfied their obligations to provide technical materials under Local Patent Rule 2.1. Second, given that the *Markman* hearing in this case is scheduled for May 16-17, 2013, Innovatio's proposal to provide its Final Infringement Contentions shortly before that date is inconsistent with the ordering of events set forth in the Patent Local Rules, and would substantially prejudice Defendants in this case.

Defendants Have Provided Substantial Technical Discovery To Innovatio

Contrary to Innovatio's assertions, Defendants have provided substantial discovery to Innovatio regarding the accused products in this case. The Supplier Defendants - who, unlike the other defendants in this case, supply the accused Wi-Fi products - have provided substantial discovery on their products, including text-searchable databases of engineering specifications, product manuals, bills of materials, Wi-Fi certification documents, etc. Moreover, to ensure that Innovatio possesses everything it needs from the Supplier Defendants to prepare its Final Infringement Contentions, the Supplier Defendants have also provided detailed indices identifying particular technical documents that Innovatio believes to be important for its Final Infringement Contentions, individually by Bates number, on a product-by-product basis. In exchange for this information, Innovatio agreed to a *stipulated order* confirming that the Supplier Defendants had produced sufficient technical product-related discovery as required by Local Patent Rule 2.1. *See, e.g.*, Dkt. No. 422 (Confirming various technical productions made by Supplier Defendants Cisco, Motorola Solutions and NETGEAR, including the parties' agreement that those Supplier Defendants' production of "the final, or most recent, engineering and marketing specifications . . . for each wireless product that the Manufacturer/Supplier has made, offered for sale or sold since 2005" would be "**[i]n satisfaction of their LPR 2.1 obligations.**").

Although Innovatio relies on discovery relating to what Innovatio calls "Network Operators" as an excuse to substantially delay its infringement contentions, the "Network Operators" are merely end-users of the actual accused technologies in this case: Wi-Fi components within access point and other Wi-Fi devices, supplied by component suppliers to the Supplier Defendants and other third party device suppliers. As a result, when it comes to Final Infringement Contentions, the Supplier Defendants and their component suppliers are the entities most likely to possess relevant technical information concerning the accused products - *not* the "Network Operator" end users of that equipment.

In any event, contrary to Innovatio's assertions, the End User defendants *have* provided substantial information concerning the identity of the Wi-Fi devices in use at their businesses, with dozens and dozens of different devices identified so far. This is more than enough to provide Innovatio with substantial direction as to whose products are at issue, and, accordingly, prepare Final Infringement Contentions for those products using the technical materials from the Supplier Defendants, as well as to seek third-party discovery from Wi-Fi component suppliers to the extent that Innovatio is planning to do so. Notably, despite alleging that it is owed substantial discovery by Defendants, Innovatio has no pending motions to compel and has only one outstanding discovery letter which it sent last week to a small subset of the Defendants.

Innovatio suggests that it has yet to finish collecting "sniffing" information of private networks, but fails to adequately explain that it has been performing large

numbers of "sniffing" operations of public networks (according to Innovatio, it has already performed at least three dozen such operations) over approximately the last three months. Moreover, Innovatio has not explained how its "sniffing" information will, as required by the Patent Rules, identify specifically where each element of each asserted claim can be found in each accused product. Nor has Innovatio explained why the timing of its sniffing efforts justifies an extension. While Innovatio may attempt to include "sniffing" information in its contentions, that does not excuse Innovatio from citing to actual technical documents describing the structure and operation of the accused instrumentalities. The Supplier Defendants have provided substantial text-searchable technical documentation, as well as the identities of their Wi-Fi component suppliers for purposes of third-party discovery. Innovatio has no excuse at this point for not providing product-specific contentions citing to actual, technical product documentation, on the time frame required by the Court's schedule.

Innovatio's Proposed Extension Is Inconsistent With The Local Patent Rules And Substantially Prejudices Defendants

Innovatio's proposed four-month extension would push its Final Infringement Contentions deadline to after all the claim construction briefing in this case has been completed, and just before the *Markman* hearing in this action. This is inconsistent with the schedule required by the Local Patent Rules. *See, e.g.*, LPR 4.1(a) ("Within fourteen (14) days **after service of the Final Contentions** pursuant to LPR 3.2, each party shall serve a list of … the claim terms and phrases the party contends the Court should construe…")(emphasis added).

Moreover, Innovatio's proposed extension would be highly prejudicial to Defendants. Innovatio has sued over two hundred Defendants - implicating thousands of different Wi-Fi products - and has yet to provide a single infringement contention identifying where each element of each asserted claim can be found in each accused product. Although Innovatio has been in possession of substantial technical materials for months, as well as the identities of the Wi-Fi component suppliers at issue, Innovatio's infringement contentions thus far have been exclusively based on the Wi-Fi standards documents, without a single material reference to an actual product. Innovatio filed the first of these actions over nineteen months ago - accusing products supplied by the Supplier Defendants of alleged infringement back then - and it has no excuse for further delay in providing product-level contentions. In fact, Innovatio previously sought and was already granted a substantial extension to the case deadlines to accommodate its taking of discovery for precisely this purpose. *See* June 28, 2012 Tr. at 18. Defendants should not be forced to wait until just before the *Markman* hearing in this case for Innovatio to provide the details of its infringement case, which it should have provided long ago.

At bottom, the extension sought by Innovatio is unnecessary not only because Innovatio has already been provided with substantial discovery concerning the

accused products, but also because the Local Patent Rules contain a mechanism that allows Innovatio to seek leave to amend its Final Infringement Contentions if it believes later amendment is justified. Innovatio has not suggested that there is any impediment to it providing Final Infringement Contentions by the current deadline with respect to the documents and information it has already received. If Innovatio believes that it can satisfy the requirements for amending its final contentions after that date, it can seek leave to do so under LPR 3.4. Accordingly, the four-month extension and severe disruption to the schedule proposed by Innovatio is unwarranted.

Dated: November 5, 2012

/s/ Ronald H. Spuhler
Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

Jean D. Kuelper
Gregory C. Schodde
Peter J. McAndrews
Ronald H. Spuhler
Shawn L. Peterson
McANDREWS, HELD & MALLOY, LTD.
500 West Madison St., Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000
E-mail: jkuelper@mcandrews-ip.com
E-mail: gschodde@mcandrews-ip.com
E-mail: pmcandrews@mcandrews-ip.com
E-mail: rspuhler@mcandrews-ip.com
E-mail: speterson@mcandrews-ip.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC

/s/ *Michael W. De Vries*
Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
213.680.8400 (Telephone)
michael.devries@kirkland.com

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
gianni.cutri@kirkland.com

Adam R. Alper (Pro Hac Vice)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
415.439.1400 (Telephone)
415.439.1500 (Facsimile)
adam.alper@kirkland.com

*Counsel for Certain Defendants and Declaratory Judgment Plaintiffs*