IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Innovatio IP Ventures, LLC, Patent Litigation | Case No. 1:11-cv-09308<br><br>Chief Judge James F. Holderman<br>Magistrate Judge Sidney Schenkier |
| This Document Relates To:<br><br>All Cases | |

## JOINT STATEMENT CONCERNING CERTAIN DEFENDANTS' SUBPOENAS TO INNOVATIO INVESTORS AND LICENSING ENTITIES

In December 2012, certain parties represented by Kirkland & Ellis LLP ("Defendants") served document and deposition subpoenas on certain entities associated with Innovatio IP Ventures, LLC ("Innovatio") who are now represented by Innovatio's counsel in this action for purposes of those subpoenas: Innovatio Management LLC; Alex96 LLC (f/k/a/ WDHM LLC); Lunar Investments LLC; and Huntington Venture Partners LLC (collectively referred to as the "Innovatio Investors"); and VICIS Consulting LLP, Dowell Baker P.C. and Bluemont IP Partners LLC (collectively referred to as "Innovatio Licensing Entities") (collectively, the Innovatio Investors and Innovatio Licensing Entities are the "Subpoenaed Parties") (together, Defendants and the Subpoenaed Parties are the "parties"). The subpoenas to the "Subpoenaed Parties" are attached as Exhibits 1-7, respectively. The Subpoenaed Parties have agreed to the jurisdiction of this Court to resolve any disputes relating to those subpoenas.

As reflected in the first section below, the parties have thus far been able to resolve many of their issues relating to the subpoenas by agreement. There are currently two matters concerning the subpoenas to the Innovatio Investors, however, that the parties respectfully request the Court's assistance in resolving.

1

## I.    AREAS OF AGREEMENT BETWEEN THE PARTIES

The parties have met and conferred extensively about Defendants' subpoenas. Through the meet and confer process, the parties have agreed to the following with respect to the subpoenas:

- For Innovatio Management LLC, the deposition on Defendants' topics will go forward on February 15, 2013, at the offices of Innovatio's counsel in Chicago. To the extent there were additional non-privileged documents responsive to Defendants' subpoena that had not already been produced by Innovatio, Innovatio Management LLC agreed to produce those documents. Innovatio Management LLC also agree to provide a privilege log for withheld documents of the same scope and at the same time as Innovatio provides its privilege log.

- For the Innovatio Licensing Entities, a representative of those entities will be made available for deposition over the next couple of weeks, in advance of the March 14 discovery cut-off and on dates to be provided shortly. In terms of documents, these entities will produce documents responsive to Defendants' subpoenas except for those withheld on the basis of privilege communications with potential licensees following the initial demand letter. Finally, these entities will provide a privilege log for withheld documents of the same scope and at the same time as Innovatio provides its privilege log. These entities are not required to identify internal communication between and among their employees on the privilege log.

- For the Innovatio Investors, a representative of each of those entities will be made available for deposition over the next couple of weeks, in advance of the March

14 discovery cut-off and on dates to be provided shortly. These entities will produce responsive documents to the extent those documents constitute communications with Innovatio and/or "source" materials, including, for example, but not limited to copies of the Innovatio Patents, investment presentations or summaries, and the like provided by Innovatio. These entities will also provide a privilege log for withheld documents of the same scope and at the same time as Innovatio provides its privilege log.

- Defendants reserve the right to challenge the Subpoenaed Parties' claims of privilege over any responsive documents upon receipt of the privilege logs described above. Further, the documents to be produced as well as the privilege logs will be produced in advance of the depositions to which they relate, except with respect to Innovatio Management LLC's privilege log.

## II.    AREAS OF DISAGREEMENT BETWEEN THE PARTIES

While the parties agree that the Innovatio Investors should produce at least certain documents and make a deponent available in response to Defendants' subpoenas, the parties disagree as to: 1) whether the identities of the individual investors associated with the Innovatio Investor entities should be redacted from documents prior to production to the Defendants; and 2) whether internal communications at each Innovatio Investor entity concerning matters related to this lawsuit should be produced.

### A.    Redaction of Investor Identities

- Defendants' Position:

The proposal to redact from the document production of the Investor Entities the identities of the individuals associated with those entities is inconsistent with the Court's prior ruling in this action and would unduly interfere with Defendants' review of the document

3

production.  The Court has already addressed this issue and ordered that the Innovatio Investor identities should be disclosed to the Defendants subject to the protective order.  Accordingly, the Innovatio Investor documents should be produced to Defendants without redaction of the identities of those associated with the entities.

On August 21, 2012, Judge Schenkier issued Docket #390, granting in part defendants Cosi, Inc., Dominick's Supermarkets, Inc., and Meijer, Inc.'s motion to compel discovery.  The order reads in part:

> "The motion to compel filed by defendants Cosi, Inc., Dominick's Supermarkets, Inc., and Meijer, Inc. ('the moving defendants') is granted in part and denied in part as follows: (a) the motion is denied insofar as it seeks to compel plaintiff to produce documents regarding negotiations for licenses and settlements concerning the patents in suit; (b) **the motion is granted insofar as its seeks to compel responses to Interrogatory No. 7 and Document Request No. 31 that disclose Innovatio's ownership structure, the identities of owners and investors, and responsive communications to or from them**; (c) the motion is granted (by agreement) insofar as it seeks to compel the completion of production of communications between plaintiff and third-parties concerning the patents in suit (other than communications regarding settlement). The information that plaintiff is to produce pursuant to this order shall be served on the moving defendants by 9/11/12."

Dkt. #390 (emphasis added). In the August 21, 2012 hearing preceding that order, Innovatio's counsel argued that the investor identities should be kept from the defendants. 8/21/12 Hearing Transcript at 34:12-13 (Mr. Schodde: "[] But what we're asking for is that we be allowed to redact the identity of the individual [investors]."); *see also* 8/21/12 Hearing Transcript at 34:11-40:9. After hearing Innovatio's arguments, the Court ruled that the investor identities should be disclosed and indicated that the privacy interests of the investors would be adequately protected by the protective order:

> "THE COURT: **So it seems to me that as part of this process that their names should be disclosed. I don't think that with the protective order and the treatment of confidentiality that it impairs their privacy**

**interests**. I don't say that it is as a result appropriate to depose all of them
or many of them or any of them. I think that is going to depend I think on
all of the circumstances, including what the communications show that
they may have been involved in or know about or said or expressed
themselves on.

And I think that the limit on the amount of time that there can be for
depositions certainly does, you know, suggest that there should be
discretion involved in whether you seek to depose any of those people and
how much of your time you burn on it. Again, I am not holding right now
that depositions of any of them, you know, is appropriate. I'm not saying it
could never be. But I think the first step is let's after discovery, let's see
what it is the documents show their knowledge may be, who they are, and
then we'll go from there.

**So that part of the defense motion to compel I grant.**"

8/21/12 Hearing Transcript at 39:16-40:9; *see also id.* at 38:25-39:1 (The Court: "… but I

guess I'm having a hard time understanding why their identities are kind of [a] state secret."); *id.*

at 39:2-5 ("Mr. Schodde: Well, I would say, Your Honor, [] they're at least confidential. The

Court: Look, this is not otherwise public information. You have a protective order.").

As this issue has already been decided by the Court, Defendants believe there is no

reason for this issue to be revisited. Redaction of the identities of the individuals associated with

the Innovatio Investors would render the document production of the Innovatio Investors

indecipherable--including because it would not be clear who sent and received the produced

communications, and also because redactions would make it difficult or impossible to correlate

the production of the Innovatio Investors with Innovatio's production. The Protective Order

governing this action is more than adequate to protect any confidentiality interests of the

investors, and producing the investors' identities does not equate to a determination that the

investors will be deposed -- just as Defendants' production of the identities of at least hundreds

of their employees, if not more, does not mean that Innovatio will be entitled to depose all of

those individuals.  Accordingly, consistent with the Court's prior order, the Innovatio Investors should be ordered to produce responsive documents without redacting the identities of the individuals associated with those entities.

- Innovatio Investors' Position:

Innovatio has worked cooperatively with Defendants' to provide responsive documents and information relevant to the formation of Innovatio, including documents and information concerning investment in Innovatio.  The subject of the parties' dispute discussed in Defendants' position above specifically related to third parties that had directly invested in Innovatio.  The instant dispute, which involves subpoenas issued to non-party, third party investment entities, involves Defendants' attempt to reach far beyond the identity of Innovatio's "Tier One" investors and their relationship to Innovatio and its operations.  Instead, Defendants seek to probe into the highly-confidential personal finances and communications of third party individuals ("Confidential Third Party Information") who do not have direct ownership interests in Plaintiff Innovatio IP Ventures, LLC, have no control or management authorities over, and lack any voting rights with respect to, Plaintiff Innovatio.  The Confidential Third Party Information is simply not relevant to any issues at bar in this action.

Incidental to Innovatio's production of information concerning its "Tier One" investors, Innovatio divulged the identity of certain individuals who may own interests in the Tier One investment entities.  This incidental disclosure, however, doesn't render the personal communications and financial information of any Tier Two individual or entity relevant to the dispute.  The third party Tier One entities have already agreed to produce representative witnesses to testify about the Tier One entities' relationships to, and investment in, Innovatio. The Court should not compel the production of third party, Tier Two materials or testimony. Defendants' examination of the representatives of Innovatio's Tier One investment entities will

provide Defendants with more than adequate relevant information concerning Innovatio's investment entities.

**B.    Production of Investor Entity Communications**

- Defendants' Position:

While the Innovatio Investors have agreed to produce all communications between the Investors and Innovatio, they refuse to produce responsive internal communications between individual persons at each Investor Entity relating to matters concerning this action. The Innovatio Investors do not claim these documents are privileged. Nor do they argue that producing these documents would be unduly burdensome.

Moreover, the Innovatio Investors cannot reasonably argue these documents could not be relevant: internal documentation of Innovatio's owners concerning matters such as the patents-in-suit, licensing and valuation of those patents, and this litigation may be directly relevant to a number of issues in this action. The materials already produced by Innovatio indicate that the investors are regularly updated by Innovatio on the status of this case, the value of the patents and on-going litigation, licenses to the patents-in-suit, and due diligence performed by Broadcom and others. It is extremely likely that, in response to those updates, the investors engage in internal communications regarding those same highly relevant topics. As such, the documents that the Innovatio Investors refuse to produce are directly relevant to important issues in the action.

Defendants are entitled to receive those communications as requested by their subpoena. Accordingly, Defendants respectfully request that the Innovatio Investors be ordered to produce all non-privileged documents related to the patents-in-suit or this action, as called for by Defendants' subpoenas.

- Innovatio Investor's Position:

7

Innovatio has worked cooperatively with Defendants' to provide responsive documents and information relevant to the formation of Innovatio, including documents and information concerning investment in Innovatio. The subject of the parties' dispute discussed in Defendants' position above specifically related to third parties that had directly invested in Innovatio. The instant dispute, which involves subpoenas issued to non-party, third party investment entities, involves Defendants' attempt to reach far beyond the identity of Innovatio's "Tier One" investors and their relationship to Innovatio and its operations. Instead, Defendants seek to probe into the highly-confidential personal finances and communications of third party individuals ("Confidential Third Party Information") who do not have direct ownership interests in Plaintiff Innovatio IP Ventures, LLC, have no control or management authorities over, and lack any voting rights with respect to, Plaintiff Innovatio. The Confidential Third Party Information is simply not relevant to any issues at bar in this action.

Incidental to Innovatio's production of information concerning its "Tier One" investors, Innovatio divulged the identity of certain individuals who may own interests in the Tier One investment entities. This incidental disclosure, however, doesn't render the personal communications and financial information of any Tier Two individual or entity relevant to the dispute. The third party Tier One entities have already agreed to produce representative witnesses to testify about the Tier One entities' relationships to, and investment in, Innovatio. The Court should not compel the production of third party, Tier Two materials or testimony. Defendants' examination of the representatives of Innovatio's Tier One investment entities will provide Defendants with more than adequate relevant information concerning Innovatio's investment entities.

Dated: February 15, 2013

/s/ *Ronald H. Spuhler*
Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

Jean D. Kuelper
Gregory C. Schodde
Peter J. McAndrews
Ronald H. Spuhler
Shawn L. Peterson
McANDREWS, HELD & MALLOY, LTD.
500 West Madison St., Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000
E-mail: jkuelper@mcandrews-ip.com
E-mail: gschodde@mcandrews-ip.com
E-mail: pmcandrews@mcandrews-ip.com
E-mail: rspuhler@mcandrews-ip.com
E-mail: speterson@mcandrews-ip.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC

/s/ *Michael W. De Vries*
Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
213.680.8400 (Telephone)
michael.devries@kirkland.com

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
gianni.cutri@kirkland.com

Adam R. Alper (Pro Hac Vice)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
415.439.1400 (Telephone)
415.439.1500 (Facsimile)
adam.alper@kirkland.com

*Counsel for Certain Defendants and*
*Declaratory Judgment Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 15, 2013 a true and correct copy of the foregoing

**JOINT STATEMENT CONCERNING CERTAIN DEFENDANTS' SUBPOENAS TO**

**INNOVATIO INVESTORS AND LICENSING ENTITIES** was electronically filed with the

Court via the CM/ECF system which sent notification of such filing to all Counsel of Record.


Dated:    February 15, 2013              <u>*/s/ Michael W. De Vries*</u>
                                          Michael W. De Vries (Pro Hac Vice)
                                          **KIRKLAND & ELLIS LLP**
                                          333 South Hope Street
                                          Los Angeles, California 90071
                                          213.680.8400 (Telephone)
                                          michael.devries@kirkland.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re Innovatio IP Ventures, LLC, Patent Litigation | Case No. 1:11-cv-09308 |
| This Document Relates To:<br><br>All Cases | Judge James F. Holderman<br>Magistrate Judge Sidney Schenkier |

**EXHIBITS TO  JOINT STATEMENT CONCERNING CERTAIN DEFENDANTS'**
**SUBPOENAS TO INNOVATIO INVESTORS AND LICENSING ENTITIES**

**Exhibit 1** - Subpoena Duces Tecum and Subpoena for Deposition of Innovatio Management LLC

**Exhibit 2** - Subpoena Duces Tecum and Subpoena for Deposition of Alex96 LLC (f/k/a/

WDHM LLC)

**Exhibit 3** - Subpoena Duces Tecum and Subpoena for Deposition of Lunar Investments LLC

**Exhibit 4** - Subpoena Duces Tecum and Subpoena for Deposition of Huntington Venture

Partners LLC

**Exhibit 5** - Subpoena Duces Tecum and Subpoena for Deposition of VICIS Consulting LLP

**Exhibit 6** - Subpoena Duces Tecum and Subpoena for Deposition of Dowell Baker P.C.

**Exhibit 7** - Subpoena Duces Tecum and Subpoena for Deposition of Bluemont IP Partners LLC