# Exhibit 4

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| In re Innovatio IP Ventures, LLC, Patent Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:11-cv-09308, MDL No. 2303 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Illinois        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Huntington Venture Partners LLC
    4220 Von Karman Ave., Suite 200, Newport Beach, CA 92660-2096

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place:   Kirkland & Ellis LLP (c/o Brandon Brown), 333 South Hope Street, Los Angeles, CA 90071 | Date and Time:<br><br>01/07/2013 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12-18-12

             CLERK OF COURT

                                          OR  _____

_____                _____
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Cisco Systems, Inc.,
Motorola Solutions, Inc., NETGEAR, Inc. _____ , who issues or requests this subpoena, are:

Brandon Brown, Kirkland & Ellis LLP, 555 California Street, San Francisco, CA 94104
bhbrown@kirkland.com
(415) 439-1670

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:11-cv-09308, MDL No. 2303

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>**SCHEDULE A**</u>

**DEFINITIONS AND INSTRUCTIONS**

1.      For purposes of this subpoena, "patents-in-suit" refers to the patents-in-suit in the above-referenced action, including without limitation U.S. Patent Nos. 7,916,747; 7,873,343; 7,710,907; 7,548,553; 7,536,167; 7,535,921; 7,457,646; 7,386,002; 7,013,138; 6,714,559; 6,697,415; 6,665,536; 6,374,311; 5,940,771; 5,844,893; 5,740,366; 5,546,397; 5,295,154; 5,428,636; 5,504,746; 6,826,165; 7,107,052; 7,710,935 and "related patents or patent applications" means any U.S. or foreign patent or patent application that stems from or claims priority to the patents-in-suit including, but not limited, to U.S. Patent Nos. 5,673,031; 6,046,992; 7,483,391; 7,552,246; 7,558,557; 7,826,818, 7,856,003 and 7,917,145.

2.      "Listed inventors" refers to any of the listed inventors on any of the patents-in-suit or related patents or patent applications, including, but not limited to, Charles D. Gollnick, Mary L. Detweiler, Ronald E. Luse, Gary N. Spiess, John G. Pavek, Guy J. West, Marvin L. Sojka, Amos D. Young, James D. Cnossen, Keith K. Cargin, Jr., Robert G. Geers, Richard C. Arensdorf, Arvin D. Danielson, Ronald L. Mahany, and Robert C. Meier.

3.      "Assignee" or "assignees" refers to any current or former alleged assignee of the patents-in-suit or any related patents or patent applications, and their subsidiaries, officers, employees, agents, or attorneys.

4.      "Intermec" refers to Intermec, Inc. and any of its past, current or future subsidiaries or affiliated companies, including, but not limited to, Intermec IP and Intermec Technologies.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents and materials that refer or relate to the patents-in-suit or to any related patents or patent applications, including without limitation communications referring or relating to the patents-in-suit or to any related patents or patent applications.

2.      All documents and materials referring or relating to any litigation or other proceeding involving the patents-in-suit or any related patents or patent applications, including but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, expert reports, correspondence, settlement agreements, license agreements, covenants, consent decrees, or any other materials from prior litigations, including without limitation, *Innovatio IP Ventures, LLC*, Patent Litigation (1:11-cv-09308) (multi-district litigation and constituent actions), *Agere Systems v. Broadcom Corporation* (2:03-cv-03138-BMS) (E.D.Pa), *Broadcom Corporation v. Qualcomm* (3:05-cv-01392-B-BLM, S.D.Ca.), *Broadcom Corporation v. Qualcomm* (Inv. No. 337-TA-543, International Trade Commission), *Broadcom Corporation v. Qualcomm* (8:05-cv-00467-JVS-RNB, C.D. Ca.); and *STMicroelectronics, Inc. v. Broadcom Corporation* (4:02-cv-00362-RAS) (E.D.Tex).

3.      All documents and materials referring or relating to the licensing or attempted licensing of the patents-in-suit or any related patents or patent applications, including but not limited to all documents and materials constituting, referring to or relating to any license, proposed license, covenant not to sue, settlement, or resolution of any litigation (actual or potential) involving the patents-in-suit or any related patents or patent applications.

4.      All communications referring or relating to the licensing or attempted licensing of the patents-in-suit or any related patents or patent applications, including but not limited to all communications with actual or potential licensees.

5.      All documents and materials referring or relating to the ownership of or rights in the patents-in-suit or any related patents or patent applications, including but not limited to all documents and materials constituting, referring to or relating to any license, proposed license, assignment, proposed assignment, sale, offer for sale, auction, bid, covenant not to sue, right of first refusal, settlement, consent decree, judgment, or other resolution of any litigation (actual or potential) involving the patents-in-suit or any related patents or patent applications, or any other actual or proposed transfer or extension of rights in or to the patents-in-suit or any related patents or patent applications.

6.      All communications between you and any entity referring or relating to any of the patents in suit, any related patents or patent applications, or any litigations involving the patents in suit or any related patents or patent applications.

7.      All communications between you and any assignee, including but not limited to Broadcom Corporation, Intermec, Norand Corporation, Innovatio IP Ventures, LLC or Innovatio Management LLC ("Innovatio"), or any of their respective shareholders, officers, employees, members, representatives, and/or managers.

8.      All documents and materials relating to Broadcom Corporation's or Innovatio's purchase of the patents-in-suit or related patents or patent applications from Intermec, including but not limited to communications between Broadcom Corporation and Intermec and Innovatio and any of their attorneys or representatives, documents relating to valuation of the patents-in-suit or related patents or patent applications, drafts and final versions of any

3

letters of intent, term sheets, purchase agreements, security interest agreements, licenses, and any schedules, disclosures, attachments, addendums or amendments thereto, and communications with third parties.

9.      All documents relating to Broadcom Corporation's, Intermec's, or Norand Corporation's decision to sell, offer to sell, assign, or otherwise transfer ownership of the patents-in-suit or related patents or patent applications to any third-party, including but not limited to Innovatio or Noel Whitley.

10.     All documents relating to any request to Broadcom Corporation to purchase or otherwise acquire ownership of the patents-in-suit or related patents or patent applications including but not limited to any request from Noel Whitley or Innovatio.

11.     Documents sufficient to show all money or other remuneration paid or owed to Broadcom Corporation by Noel Whitley, Innovatio, or any third party by reason of Innovatio's acquisition or assertion of the patents-in-suit or related patents or patent applications.

12.     All documents, communications and materials referring or relating to any entity involved in the licensing of the patents in suit or related patents, including but not limited to Innovatio IP Ventures LLC, Innovatio Management LLC, McAndrews, Held & Malloy, Ltd., Niro, Haller & Niro, Bluemont IP Partners LLC, Huntington Venture Partners, LLC, Lunar Investments, LLC, WDHM LLC (formerly CVJ Street, LLC), Broadcom Corporation, Dispute Resolution Corporation, VICIS Consulting LLC, Dowell Baker or any of their officers, employees, or agents, including but not limited to Matt McAndrews, Robert Berman, Samik Bhattacharyya, Jennifer Lim, Eric Ogawa, or Anthony Dowell in connection

4

with Innovatio, Noel Whitley, Norand, Intermec, the patents-in-suit, or related patents and patent applications.

13.     All documents and materials referring or relating to any strategies, plans, or expectations (whether of the assignees, the inventors, licensing counsel, or otherwise) with respect to the subject matter disclosed or claimed by the patents-in-suit or by any related patents or patent applications, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patents-in-suit or from any related patents or patent applications, and also including without limitation any efforts to obtain investments, funding, income, or revenue relating in any way to the subject matter of the patents-in-suit.

14.     All documents and materials referring or relating to the potential value, if any, of the patents-in-suit or any related patents or patent applications, including documents referring to any license, proposed license, assignment, proposed assignment, sale, offer for sale, auction, bid, covenant not to sue, right of first refusal, settlement, consent decree, judgment, or other resolution of any litigation (actual or potential) involving the patents-in-suit or any related patents or patent applications, or any other actual or proposed transfer or extension of rights in or to the patents-in-suit or any related patents or patent applications.

15.     All documents, communications and materials referring or relating to fair, reasonable, and non-discriminatory (RAND or FRAND) terms or conditions in connection with the patents-in-suit, or related patents and patent applications.

16.     All documents, communications and materials referring or relating to the IEEE in connection with the patents-in-suit, or related patents and patent applications.

17.     All documents, communications and materials referring or relating to the whether the patents-in-suit or related patents and patent applications are "essential" to practicing any technical standard, including but not limited to IEEE 802.11.

18.     All documents and materials comprising, referring or relating to potential or actual prior art to the patents-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including but not limited to art cited during prosecution of the patents-in-suit, art cited during the prosecution of any related patents or patent applications, and art disclosed by any parties (including in any litigation involving the patents-in-suit or in licensing discussions), and any searches for prior art and the results of those searches.

19.     All documents and materials that concern whether the alleged invention(s) of the patents-in-suit or any related patents or patent applications are obvious under 35 U.S.C. § 103.

20.     All documents and materials referring or relating to the design, development, sale, offer for sale, disclosure, or public use of the subject matter of the patents-in-suit or any related patents or patent applications, including without limitation sales, offers for sale and/or disclosures at any trade shows, and also including all documents and materials referring or relating to any products that have been licensed or for which a covenant not to sue has been extended under the patents-in-suit or under any related patents or patent applications.

21.     All documents and materials that constitute, refer to or relate to the conception of the alleged invention(s) of the patents-in-suit or any related patents or patent applications, the best mode of practicing such alleged invention(s), any actual or constructive reduction to practice of such alleged invention(s), and any improvements to such alleged invention(s),

including but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s), and any documents contended to corroborate conception or reduction to practice.

22.    All documents and materials that refer or relate to the inventorship, patentability, validity or invalidity, enforceability or unenforceability, or infringement or non-infringement (whether direct, contributory or by inducement) of any patent-in-suit or any related patents or patent applications, including without limitation, any contention by any person, including without limitation any named inventor, expert, consultant, prosecuting counsel, prior art search firm, or any other person, that any of the patents-in-suit or any related patent or patent application is invalid, unenforceable or not infringed.

23.    All documents and materials referring or relating to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, or scope of the claims of the patents-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

24.    All documents and materials referring or relating to when the listed inventors, the assignees, their counsel or representatives, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

25.    All documents and materials referring or relating to the preparation, filing, or prosecution of the patents-in-suit or any related patents or patent applications, including but

not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, prosecution file histories of the patents-in-suit, prosecution file histories of related patents or patent applications, and any communications with any agent, attorney, firm, foreign patent office, or the USPTO.

26.    All communications between Broadcom Corporation and Noel Whitley relating to Innovatio, the patents in suit or any related patents or pending applications.

27.    All documents and materials relating to Noel Whitley.

28.    All documents and materials reflecting your composition, ownership, operation, and any subsidiary or parent entities including but not limited to an identification of all past and present shareholders, directors, officers, employees, the positions, titles and interests of those individuals, and the relationship between any entities.

29.    All documents and materials referring or relating to any interest, financial or otherwise, that you or any of your officers, directors, principals, employees, or agents has, had, or planned or contemplated having in Innovatio IP Ventures LLC, Innovatio Management LLC, or the intellectual property of either, including without limitation any of the Patents-in-Suit or any Related Patents or Patent Applications.

30.    All documents and materials referring or relating to all money or other renumeration paid or owed to any person or entity by Noel Whitley, Innovatio IP Ventures LLC, Innovatio Management LLC, or any third party by any reason related to any of the Patents-in-Suit or any Related Patents or Patent Applications.

31.    All documents, materials, and communications referring to or relating to any agreements, covenants, payments, invoices, and/or retention letters regarding the Patents-in-Suit or related patents or patent applications.

32.   A copy of all tax returns filed for the years 2006 to the present.

33.   A copy of all phone bills for the years 2006 to the present.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | | |
|---|---|---|
| In re Innovatio IP Ventures, LLC, Patent Litigation | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.    1:11-cv-09308, MDL No. 2303 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Northern District of Illinois          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Huntington Venture Partners LLC
    4220 Von Karman Ave., Suite 200, Newport Beach, CA 92660-2096

    ☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Schedule A.

| Place:  Kirkland & Ellis LLP, 333 South Hope Street, Los Angeles, CA 90071 | Date and Time: <br> 01/24/2013 1:00 pm |
|---|---|

    The deposition will be recorded by this method:   _Stenographer, videographer, and real-time transcription_

    ❑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  12-18-12

                _CLERK OF COURT_

                                        OR

| _____ | _____ |
|---|---|
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ ____Cisco Systems, Inc.,____
____Motorola Solutions, Inc., NETGEAR, Inc._____ , who issues or requests this subpoena, are:
Brandon Brown, Kirkland & Ellis LLP, 555 California Street, San Francisco, CA 94104
bhbrown@kirkland.com
(415) 439-1670

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:11-cv-09308, MDL No. 2303

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1.     For purposes of this subpoena, "patents-in-suit" refers to the patents-in-suit in the above-referenced action, including without limitation U.S. Patent Nos. 7,916,747; 7,873,343; 7,710,907; 7,548,553; 7,536,167; 7,535,921; 7,457,646; 7,386,002; 7,013,138; 6,714,559; 6,697,415; 6,665,536; 6,374,311; 5,940,771; 5,844,893; 5,740,366; 5,546,397; 5,295,154; 5,428,636; 5,504,746; 6,826,165; 7,107,052; 7,710,935 and "related patents or patent applications" means any U.S. or foreign patent or patent application that stems from or claims priority to the patents-in-suit including, but not limited, to U.S. Patent Nos. 5,673,031; 6,046,992; 7,483,391; 7,552,246; 7,558,557; 7,826,818, 7,856,003 and 7,917,145.

2.     "Listed inventors" refers to any of the listed inventors on any of the patents-in-suit or related patents or patent applications, including, but not limited to, Charles D. Gollnick, Mary L. Detweiler, Ronald E. Luse, Gary N. Spiess, John G. Pavek, Guy J. West, Marvin L. Sojka, Amos D. Young, James D. Cnossen, Keith K. Cargin, Jr., Robert G. Geers, Richard C. Arensdorf, Arvin D. Danielson, Ronald L. Mahany, and Robert C. Meier.

3.     "Assignee" or "assignees" refers to any current or former alleged assignee of the patents-in-suit or any related patents or patent applications, and their subsidiaries, officers, employees, agents, or attorneys.

4.     "Intermec" refers to Intermec, Inc. and any of its past, current or future subsidiaries or affiliated companies, including, but not limited to, Intermec IP and Intermec Technologies.

## TOPICS FOR DEPOSITION

1.     The patents-in-suit and any related patents or patent applications, including without limitation communications referring or relating to the patents-in-suit or to any related patents or patent applications.

2.     Any litigation or other proceeding involving the patents-in-suit or any related patents or patent applications, including but not limited to your knowledge of all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, expert reports, correspondence, settlement agreements, license agreements, consent decrees, or any other materials from prior litigations, including without limitation, *Innovatio IP Ventures, LLC*, Patent Litigation (1:11-cv-09308) (multi-district litigation and constituent actions), *Agere Systems v. Broadcom Corporation* (2:03-cv-03138-BMS) (E.D.Pa), *Broadcom Corporation v. Qualcomm* (3:05-cv-01392-B-BLM, S.D.Ca.), *Broadcom Corporation v. Qualcomm* (Inv. No. 337-TA-543, International Trade Commission), *Broadcom Corporation v. Qualcomm* (8:05-cv-00467-JVS-RNB, C.D. Ca.); and *STMicroelectronics, Inc. v. Broadcom Corporation* (4:02-cv-00362-RAS) (E.D.Tex).

3.     The licensing or attempted licensing of the patents-in-suit or any related patents or patent applications, including but not limited to any license, proposed license, covenant not to sue, settlement, or resolution of any litigation (actual or potential) involving the patents-in-suit or any related patents or patent applications.

4.     All communications referring or relating to the licensing or attempted licensing of the patents-in-suit or any related patents or patent applications, including but not limited to all communications with actual or potential licensees.

2

5.     The ownership of or rights in the patents-in-suit or any related patents or patent applications, including but not limited to any license, proposed license, assignment, proposed assignment, sale, offer for sale, auction, bid, covenant not to sue, right of first refusal, settlement, consent decree, judgment, or other resolution of any litigation (actual or potential) involving the patents-in-suit or any related patents or patent applications, or any other actual or proposed transfer or extension of rights in or to the patents-in-suit or any related patents or patent applications.

6.     All communications between you and any entity referring or relating to any of the patents in suit, any related patents or patent applications, or any litigations involving the patents in suit or any related patents or patent applications.

7.     All communications between you and any assignee, including but not limited to Broadcom Corporation, Intermec, Norand Corporation, Innovatio IP Ventures, LLC or Innovatio Management LLC ("Innovatio"), or any of their respective shareholders, officers, employees, members, representatives, and/or managers.

8.     Broadcom Corporation's or Innovatio's purchase of the patents-in-suit or related patents or patent applications from Intermec, including but not limited to communications between Broadcom Corporation and Intermec and Innovatio and any of their attorneys or representatives, documents relating to valuation of the patents-in-suit or related patents or patent applications, drafts and final versions of any letters of intent, term sheets, purchase agreements, security interest agreements, licenses, and any schedules, disclosures, attachments, addendums or amendments thereto, and communications with third parties.

9.     Broadcom Corporation's, Intermec's, or Norand Corporation's decision to sell, offer to sell, assign, or otherwise transfer ownership of the patents-in-suit or related patents

or patent applications to any third-party, including but not limited to Innovatio or Noel Whitley.

10.     Any request to Broadcom Corporation to purchase or otherwise acquire ownership of the patents-in-suit or related patents or patent applications including but not limited to any request from Noel Whitley or Innovatio.

11.     Money or other remuneration paid or owed to Broadcom Corporation by Noel Whitley, Innovatio, or any third party by reason of Innovatio's acquisition or assertion of the patents-in-suit or related patents or patent applications.

12.     All documents, communications and materials referring or relating to any entity involved in the licensing of the patents in suit or related patents, including but not limited to Innovatio IP Ventures LLC, Innovatio Management LLC, McAndrews, Held & Malloy, Ltd., Niro, Haller & Niro, Bluemont IP Partners LLC, Huntington Venture Partners, LLC, Lunar Investments, LLC, WDHM LLC (formerly CVJ Street, LLC), Broadcom Corporation, Dispute Resolution Corporation, VICIS Consulting LLC, Dowell Baker or any of their officers, employees, or agents, including but not limited to Matt McAndrews, Robert Berman, Samik Bhattacharyya, Jennifer Lim, Eric Ogawa, or Anthony Dowell in connection with Innovatio, Noel Whitley, Norand, Intermec, the patents-in-suit, or related patents and patent applications.

13.     Any strategies, plans, or expectations (whether of the assignees, the inventors, licensing counsel, or otherwise) with respect to the subject matter disclosed or claimed by the patents-in-suit or by any related patents or patent applications, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patents-in-suit or from any related patents or patent applications, and also including without

limitation any efforts to obtain investments, funding, income, or revenue relating in any way to the subject matter of the patents-in-suit.

14.     The potential value, if any, of the patents-in-suit or any related patents or patent applications, including any potential value communicated, discussed, or agreed upon in connection with any license, proposed license, assignment, proposed assignment, sale, offer for sale, auction, bid, covenant not to sue, right of first refusal, settlement, consent decree, judgment, or other resolution of any litigation (actual or potential) involving the patents-in-suit or any related patents or patent applications, or any other actual or proposed transfer or extension of rights in or to the patents-in-suit or any related patents or patent applications.

15.     Analysis of the fair, reasonable, and non-discriminatory (RAND or FRAND) terms or conditions in connection with the patents-in-suit, or related patents and patent applications.

16.     Communications referring or relating to the IEEE in connection with the patents-in-suit, or related patents and patent applications.

17.     All documents, communications and materials referring or relating to the whether the patents-in-suit or related patents and patent applications are "essential" to practicing any technical standard, including but not limited to IEEE 802.11.

18.     Potential or actual prior art to the patents-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including but not limited to art cited during prosecution of the patents-in-suit, art cited during the prosecution of any related patents or patent applications, and art disclosed by any parties (including in any litigation involving the patents-in-suit or in licensing discussions), and any searches for prior art and the results of those searches.

5

19.     Whether the alleged invention(s) of the patents-in-suit or any related patents or patent applications are obvious under 35 U.S.C. § 103.

20.     The design, development, sale, offer for sale, disclosure, or public use of the subject matter of the patents-in-suit or any related patents or patent applications, including without limitation sales, offers for sale and/or disclosures at any trade shows, and also including all documents and materials referring or relating to any products that have been licensed or for which a covenant not to sue has been extended under the patents-in-suit or under any related patents or patent applications.

21.     The conception of the alleged invention(s) of the patents-in-suit or any related patents or patent applications, the best mode of practicing such alleged invention(s), any actual or constructive reduction to practice of such alleged invention(s), and any improvements to such alleged invention(s), including but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s), and any documents contended to corroborate conception or reduction to practice.

22.     The inventorship, patentability, validity or invalidity, enforceability or unenforceability, or infringement or non-infringement (whether direct, contributory or by inducement) of any patent-in-suit or any related patents or patent applications, including without limitation, any contention by any person, including without limitation any named inventor, expert, consultant, prosecuting counsel, prior art search firm, or any other person, that any of the patents-in-suit or any related patent or patent application is invalid, unenforceable or not infringed.

23.     Any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, or scope of the claims of the patents-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

24.     When the listed inventors, the assignees, their counsel or representatives, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

25.     The preparation, filing, or prosecution of the patents-in-suit or any related patents or patent applications, including but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, prosecution file histories of the patents-in-suit, prosecution file histories of related patents or patent applications, and any communications with any agent, attorney, firm, foreign patent office, or the USPTO.

26.     All communications between Broadcom Corporation and Noel Whitley relating to Innovatio, the patents in suit or any related patents or pending applications.

27.     All communications, documents, and materials referring or relating to Noel Whitley.

28.     Your composition, ownership, operation, and any subsidiary or parent entities including but not limited to an identification of all past and present shareholders, directors, officers, employees, the positions, titles and interests of those individuals, and the relationship between any entities.

29.     Any interest, financial or otherwise, that you or any of your officers, directors, principals, employees, or agents has, had, or planned or contemplated having in Innovatio IP

Ventures LLC, Innovatio Management LLC, or the intellectual property of either, including without limitation any of the Patents-in-Suit or any Related Patents or Patent Applications.

30.     Money or other renumeration paid or owed to any person or entity by Noel Whitley, Innovatio IP Ventures LLC, Innovatio Management LLC, or any third party by any reason related to any of the Patents-in-Suit or any Related Patents or Patent Applications.

31.     Any agreements, covenants, payments, invoices, and/or retention letters regarding the Patents-in-Suit or related patents or patent applications.

32.     All tax returns filed for the years 2006 to the present.

33.     All phone bills for the years 2006 to the present.