1

```
 1                UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   IN RE:                           )  MDL 2303
                                      )  11 C 9308 and
 4   INNOVATIO IP VENTURES, L.L.C.    )  related cases
                                      )
 5   PATENT LITIGATION.               )  Chicago, Illinois
                                      )  March 13, 2014
 6                                    )  10:00 o'clock a.m.

 7
                    TRANSCRIPT OF PROCEEDINGS
 8            BEFORE THE HONORABLE JAMES F. HOLDERMAN

 9
     APPEARANCES:
10
     For the Plaintiff         NIRO, HALLER & NIRO, LTD.
11   Innovatio IP Ventures,    BY:  MR. MATTHEW G. McANDREWS
     L.L.C.:                   181 West Madison Street, Suite 4600
12                             Chicago, Illinois  60602-4515
                               (312) 236-0733
13
                               McANDREWS, HELD & MALLOY, P.C.
14                             BY:  MR. RONALD "HANK" SPUHLER
                               500 West Madison Street, Suite 3400
15                             Chicago, Illinois  60661
                               (312) 775-8000
16
     For certain remaining     KIRKLAND & ELLIS, L.L.P.
17   customer defendants:      BY:  MR. GIANNI L. CUTRI
                               300 North LaSalle Street
18                             Chicago, Illinois  60654
                               (312) 862-2000
19
     For Wal-Mart:             SHEPPARD MULLIN
20                             BY:  MR. BRADLEY C. GRAVELINE
                               Three First National Plaza
21                             70 West Madison Street, 48th Floor
                               Chicago, Illinois  60602
22                             (312) 499-6316

23   For FedEx Office And      BRINKS, GILSON & LIONE
     Print Services            BY:  MS. KARINA YUEN WONG
24   and McDonald's:           455 North Cityfront Plaza Drive
                               NBC Tower - Suite 3600
25                             Chicago, Illinois  60611
                               (312) 840-3254
```

**Colleen M. Conway, Official Court Reporter**

1   APPEARANCES (Continued):

2

3   For Lowe's:            HEPLER BROOM, L.L.C.
                           BY:  MR. ROBERT E. ELWORTH
4                          30 North LaSalle Street
                           Suite 2900
5                          Chicago, Illinois  60602
                           (312) 230-9100
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
              COLLEEN M. CONWAY, CSR, RMR, CRR
23                 Official Court Reporter
        219 South Dearborn Street, Room 2144-A
24              Chicago, Illinois  60604
                      (312) 435-5594
25         *colleen_conway@ilnd.uscourts.gov*

1       (Proceedings heard in open court:)
2              THE CLERK:  11 C 9308, Innovatio IP Ventures.
3              THE COURT:  Counsel can identify themselves.
4              MR. McANDREWS:  Good morning, Your Honor.
5       On behalf of Plaintiff Innovatio, Matt McAndrews,
6   Niro Haller.
7              MR. SPUHLER:  And also for Innovatio, Hank Spuhler,
8   from McAndrews, Held & Malloy.
9              MR. CUTRI:  Good morning, Your Honor.
10      Gianni Cutri on behalf of certain of the customer
11  defendants remaining in the case represented by Kirkland &
12  Ellis.
13             MR. GRAVELINE:  Good morning, Your Honor.
14      Brad Graveline from Sheppard Mullin for Wal-Mart.
15             MR. ELWORTH:  Robert Elworth on behalf of Lowe's.
16             MS. WONG:  Karina Wong on behalf of McDonald's and
17  FedEx Office And Print Services.
18             THE COURT:  Good morning to all of you.  I appreciate
19  your coming in today.
20      I have read the parties' agenda.  Again, I appreciate
21  the diligence with which you have shown in providing the
22  information and working out the settlements that you have
23  worked out.
24      I understand that it's Innovatio's position that with
25  regard to what you call "one-off" -- and that's a quote with a

1  dash, the word "one" and the word "off" with a dash in the
2  middle of it in quotes -- the "one-off" hotels, you're going to
3  dismiss the claims?
4     MR. McANDREWS:  (Nodding.)
5     MR. SPUHLER:  (Nodding.)
6     THE COURT:  How do we go about doing that?
7     MR. McANDREWS:  I think as a practical matter,
8  certain of the hotels are represented by the K&E defendants,
9  and Mr. Cutri has been working with Mr. Spuhler on resolving
10 the claims against those parties.
11    THE COURT:  Okay.
12    MR. McANDREWS:  Once they're out, I think, as a
13 practical matter, it would probably make sense for us to get a
14 list to Ms. Fratto and --
15    THE COURT:  Right, that's what we have to do.
16    MR. McANDREWS:  -- submit something.
17    My sense, Your Honor, is that we're not going to have
18 the ability to get signatures from some of these "one-offs."
19 They haven't appeared or, alternatively, with respect to a
20 handful of them, they were not served with amended pleadings.
21    If that's the case, I think we can just dismiss.  We
22 don't need to consent to dismiss.
23    THE COURT:  Yes, that's correct.
24    MR. McANDREWS:  In fact, there's no pending claims --
25    THE COURT:  Right.

1           MR. McANDREWS:  -- if there weren't service.
2           THE COURT:  Right.
3           MR. McANDREWS:  But we need to let the court know
4    that.
5           THE COURT:  Right.  We need to have it officially --
6           MR. McANDREWS:  Get them off --
7           THE COURT:  -- in the record, yeah.
8           MR. McANDREWS:  Yeah.  Get them out of the ECF
9    system.
10          THE COURT:  All right.
11          MR. McANDREWS:  And --
12          THE COURT:  Go ahead.
13          MR. McANDREWS:  -- we'll be doing that in the
14   immediate future.  We're working on that right now.
15          THE COURT:  All right. With regard to the -- I guess
16   what I'll call the retail establishment folks that are
17   appearing here, I didn't see anything in the agenda regarding
18   those folks, your position on that.
19          MR. McANDREWS:  I think those parties are
20   represented.  Lowe's is one of them.
21          THE COURT:  Yeah, right over here.
22          MR. ELWORTH:  Yes.
23          MR. McANDREWS:  There's Lowe's.
24          MR. ELWORTH:  Hello.
25          MR. McANDREWS:  Right.  Working with Mr. Spuhler

1 toward resolving and finalizing that settlement.
2     THE COURT: Okay.
3     MR. McANDREWS: And then I think we would dismiss
4 them as we have with the manufacturer defendants.
5     THE COURT: Okay.
6     MR. ELWORTH: That's my understanding as well.
7     THE COURT: That's Lowe's. What about McDonald's,
8 Wal-Mart, and the other folks?
9     MR. CUTRI: So, Your Honor, to be -- well, it didn't
10 come through in the agenda. I apologize. Kirkland & Ellis
11 represents probably the majority of the entities you're talking
12 about, McDonald's, Starbucks --
13     THE COURT: Who's this young lady over here?
14     MR. CUTRI: So we both -- Karina Wong, she also
15 represents McDonald's on behalf of a different supplier of
16 Wi-Fi equipment to McDonald's.
17     THE COURT: Oh, okay.
18     MR. CUTRI: And so I, likewise, represent, along with
19 Mr. Graveline here, Wal-Mart and I also represent FedEx,
20 certain of the FedEx entities. So --
21     THE COURT: Okay.
22     MR. CUTRI: -- the group that you're talking about is
23 represented, you know, in large part, by Kirkland & Ellis, but
24 additionally by Mr. Graveline and Ms. Wong.
25     THE COURT: And how do we go about resolving those

1   matters?
2          MR. CUTRI:  So we have an omnibus settlement
3   agreement that is contemplated as being signed by all of those
4   entities as well as all of the "one-off" hotels that Kirkland &
5   Ellis represents.
6          THE COURT:  Okay.
7          MR. CUTRI:  And that agreement is -- in the agenda,
8   when the Kirkland & Ellis defendants referred to having
9   exchanged settlement agreements with Innovatio, that's the
10  agreement we're talking about.
11         THE COURT:  Okay.
12         MR. CUTRI:  I talked with Mr. Spuhler yesterday.  We
13  are down to a few sentences, and so we're hopeful that early
14  next week -- I don't want to be too ambitious, but early next
15  week we'll finalize that, start getting signatures, and then
16  the Court will start to see motions to dismiss those
17  entities --
18         THE COURT:  Okay.
19         MR. CUTRI:  -- in groups.
20         THE COURT:  All right.  And those will be reviewed
21  and granted.  So that will deal with all of the other
22  defendants in the case, then?
23         MR. CUTRI:  That will deal with all the defendants
24  that Kirkland represents.  I believe there will be, as we
25  talked about before, Lowe's, and I don't know if there's any

1    others beyond the "one-offs" --
2             MR. SPUHLER:  There are some other "one-off" hotels.
3             Our intent, Your Honor, is to submit a single motion
4    to dismiss in each case with an Exhibit A listing all the
5    parties --
6             THE COURT:  Okay.
7             MR. SPUHLER:  -- and then representing in the motion
8    that this includes all remaining defendants in the case, and
9    the Court can close the matter as a whole.
10            THE COURT:  All right.  All right.  I always like to
11   do that.
12            Okay.  Now, we've got a new case.
13            MR. McANDREWS:  We do.
14            THE COURT:  The *Texas Instruments* case which, on
15   March 12th, was appropriately transferred here, so it's now
16   pending before me.  You mentioned that you thought it would be
17   automatically done, and it was.
18            So what's the status of that case at this point?  We
19   don't have a lawyer yet representing the defendant.
20            MR. McANDREWS:  We have not served Texas Instruments.
21   I have been in contact with their in-house counsel.
22            THE COURT:  Okay.
23            MR. McANDREWS:  Of course, we have --
24            THE COURT:  Where are they?  Where are the in-house
25   counsel?

1	MR. McANDREWS:  They're out of Texas.
2	THE COURT:  Okay.
3	MR. McANDREWS:  I believe they're in Dallas.
4	THE COURT:  All right.
5	MR. McANDREWS:  Dallas proper.
6	THE COURT:  Okay.
7	MR. McANDREWS:  And I would say as far as initial
8	conversations with in-house counsel go, it's been cordial and
9	professional, and we're going to be talking about extending a
10	RAND license to TI.
11	THE COURT:  Okay.  Well, hopefully, they'll accept
12	your RAND offer and we can take care of that.
13	Are there any other contemplated cases out there
14	that --
15	MR. McANDREWS:  We don't know.  We are in a
16	dialogue --
17	THE COURT:  Okay.
18	MR. McANDREWS:  -- I want to be careful with my
19	numbers -- with approximately 15 to 18 --
20	THE COURT:  Okay.
21	MR. McANDREWS:  -- other -- what we would call chip
22	manufacturers, silicon manufacturers.
23	THE COURT:  Sure, yeah.
24	MR. McANDREWS:  Just further the concept that the
25	chip is the smallest salable unit.  It's what makes everything

1  work.  So we've got correspondence out to them, offers, RAND
2  offers.
3          THE COURT:  Okay.
4          MR. McANDREWS:  We've heard back from six or seven of
5  them, including TI now, and we're going to be pursuing
6  licensing options.  So it's possible --
7          THE COURT:  Okay.
8          MR. McANDREWS:  -- to answer your question.
9          THE COURT:  All right.  Okay.
10         All right.  Well, is there anything else we need to
11 discuss today other than to just confirm the next meeting which
12 I am going to propose for the 17th of April, if that's okay
13 with you folks?
14         MR. McANDREWS:  That's fine.
15         MR. CUTRI:  That's fine with defendants, Your Honor.
16         THE COURT:  All right.
17         MR. McANDREWS:  As a procedural matter, I can't think
18 of any reason that we would have to morph case 14 CV 1544 into
19 the master consolidated case unless Your Honor thinks that that
20 does make sense.
21         THE COURT:  Well, the only reason it would make
22 sense, in light of the fact that the other cases have been
23 resolved, is if there are additional cases that you file and
24 you aren't able to resolve them and we need to have discovery.
25         I actually don't know why the defendants at this

1  point would not be willing to entertain your RAND offers.  But,
2  to some extent, we might as well keep the Multi-District
3  Litigation case moving forward and bring the *Texas Instruments*
4  case, the 14 C 1544, into it now and set the case for further
5  status on the 17th of April at 10:00 a.m.
6         And if there comes a point in time where we complete
7  the Multi-District Litigation case, then I'll send in a final
8  report to the Multi-District Litigation panel, but it will be
9  after all of the dismissals, pursuant to your settlement, are
10 entered.  So we might as well keep them going together at this
11 point, if that's all right.
12        MR. McANDREWS:  That makes sense.
13        THE COURT:  We don't have to, like you say, morph it
14 in.  It really -- I mean, it's -- Judge St. Eve's order
15 actually has already done the morphing, to some extent, by
16 saying it should be reassigned to be a part of this litigation.
17 So I guess it doesn't make much difference one way or the
18 other.
19        MR. McANDREWS:  I confess, I have not seen Judge St.
20 Eve's order.  I saw Judge Castillo's order, and I didn't see
21 reference to the master case.  I'm looking at docket 50 -- I'm
22 sorry, docket No. 9 in 1544.
23        THE COURT:  You're right.  Well, she says "clerical
24 error."  Well, this is a tagalong case, isn't it?
25        MR. McANDREWS:  I think it is.

1	THE COURT: All right. When you say "Judge
2	Castillo's order" --
3	MR. McANDREWS: "IT APPEARING THAT, due to a clerical
4	error" -- may I?
5	THE CLERK: It's an Executive order, so it's from
6	Judge Castillo.
7	THE COURT: That's the Executive Committee's order.
8	Okay. All right. Okay. I thought that was Judge St. Eve that
9	had entered that. Okay.
10	All right. Well, we'll sort it out from this end.
11	But if everybody who needs to be here can be here on the 17th,
12	let's set it for 10:00 o'clock and see where we go from there.
13	MR. McANDREWS: The 17th of --
14	THE COURT: The 17th of April.
15	MR. McANDREWS: Of April. Good.
16	THE COURT: I mean, isn't that -- that's the third
17	Thursday, so that's why I'm making the specific date
18	assignment.
19	Okay. Anything else?
20	MR. McANDREWS: Not from the plaintiff. Thank you,
21	Your Honor.
22	THE COURT: Okay. Well, I appreciate -- I know I
23	made that request, have the opportunity, if the parties agreed,
24	to review the HP settlement. I will maintain that in the same
25	manner, in confidence, and not disclose in any way the

1 material.  But I appreciate very much your allowing me to have
2 this additional educational information about the settlement.
3 　　　　　So thank you.
4 　　　　　MR. McANDREWS:  You're welcome.
5 　　　　　THE COURT:  And I may continue that process, if you
6 don't mind, as we go along.  It's just -- it does assist me,
7 perhaps, even in evaluating future cases as well.
8 　　　　　Okay.  Anything else?
9 　　　　　MR. GRAVELINE:  No, Your Honor.  Thank you.
10 　　　　　MR. ELWORTH:  No, Your Honor.
11 　　　　　MR. McANDREWS:  No, Your Honor.
12 　　　　　THE COURT:  Thank you, all.  I appreciate, again, the
13 professionalism shown in this case.  It really has been a
14 pleasure working with you folks, and I guess it will continue
15 for a little while longer.
16 　　　　　MR. McANDREWS:  A little longer.
17 　　　　　MR. CUTRI:  Likewise, Your Honor.
18 　　　　　MR. McANDREWS:  Likewise.  Thank you.
19 　　　　　MR. GRAVELINE:  Thank you.
20 　　　(Proceedings concluded.)
21
22
23
24
25

1                         C E R T I F I C A T E

2

3

4

5           I, Colleen M. Conway, do hereby certify that the

6  foregoing is a complete, true, and accurate transcript of the

7  proceedings had in the above-entitled case before the

8  HONORABLE JAMES F. HOLDERMAN, one of the Judges of said Court,

9  at Chicago, Illinois, on March 13, 2014.

10

11

12      _/s/ Colleen M. Conway, CSR,RMR,CRR_          _03/13/14_
13              Official Court Reporter                 Date
              United States District Court
14            Northern District of Illinois
                   Eastern Division
15